IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 9, 2005

## DOUGLAS HAYDEN KIRKHAM, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sumner County**
**No. 820-1999     Jane Wheatcraft, Judge**

---

### No. M2004-02635-CCA-R3-HC - Filed May 3, 2005

---

The petitioner appeals the summary dismissal of his habeas corpus petition. Specifically, he alleges fatal deficiencies in the indictment; an involuntary, unintelligent, and unknowing guilty plea; an illegal and void sentence; and ineffective assistance of counsel. Upon review, we conclude that the petitioner has not presented any claims that justify habeas corpus relief. Therefore, we affirm the summary dismissal of the habeas corpus petition.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Douglas Hayden Kirkham, Jr., Tiptonville, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Thomas B. Dean, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Facts and Procedural History

On July 13, 2000, the petitioner, Douglas Hayden Kirkham, Jr., pled guilty to one count of robbery (a Class C felony). He was sentenced as a Range II, multiple offender to eight years, with the first year to be served on furlough to "Teen Challenge," and the remainder on probation. On September 29, 2004, the petitioner filed a *pro se* petition for writ of habeas corpus which alleged, generally, fatal deficiencies in the indictment; an involuntary, unintelligent, and unknowing guilty plea; an illegal and void sentence; and ineffective assistance of counsel. By order entered on October 5, 2004, the trial court summarily denied the petition. The petitioner now appeals to this Court, contending that the trial court erred in dismissing his petition summarily and without appointment of counsel. Upon our review, we affirm the trial court's denial of habeas relief.

<u>Analysis</u>

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Further, Tennessee Code Annotated section 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. <u>Taylor v. State</u>, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments that are facially invalid because: (1) the convicting court was without jurisdiction or authority to sentence a petitioner; or (2) the petitioner's sentence has expired. <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993).

By contrast, a voidable conviction or sentence is one that is facially valid, thus requiring proof beyond the face of the record or judgment to establish its invalidity. <u>Taylor</u>, 995 S.W.2d at 83. The burden of proving that the judgment or sentence is void, rather than voidable, rests with the petitioner. <u>Wyatt v. State</u>, 24 S.W.3d 319, 322 (Tenn. 2000). "To establish that the judgment is void, the petitioner must prove that a jurisdictional defect appears in the record of the original trial." <u>Dixon v. Holland</u>, 70 S.W.3d 33, 36 (Tenn. 2002).

Initially, the State notes that the petitioner failed to comply with the statutory requirements governing habeas corpus petitions. Tennessee Code Annotated section 29-21-105 states that habeas petitions "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Despite this requirement, the petitioner filed his habeas petition in Sumner County where he was convicted, rather than in Lake County where he is incarcerated. <u>See</u> Tenn. Code Ann. § 29-21-105. Moreover, he did not provide any reason for doing so in his petition.

The procedural provisions of the habeas corpus statutes are mandatory and must be scrupulously followed. <u>Archer v. State</u>, 851 S.W.2d at 165. Therefore, because the petitioner failed to comply with the aforementioned statutory requirement, the trial court could have dismissed the instant petition on that basis alone. <u>See</u> <u>Antonio L. Sweatt v. State</u>, No. M1999-01300-CCA-R3-PC, 2000 Tenn. Crim. App. LEXIS 216 (Tenn. Crim. App., at Nashville, Mar. 6, 2000) <u>perm. to appeal denied</u> (Tenn. 2000); <u>Jimmy Wayne Wilson v. State</u>, No. 03C01-9806-CR-00206, 1999 Tenn. Crim. App. LEXIS 620 (Tenn. Crim. App., at Knoxville, June 24, 1999) <u>perm. to appeal denied</u> (Tenn. 1999). However, the trial court did not base its dismissal on the procedural deficiencies but on the merits of the allegations, which the court was entitled to do. <u>See</u> <u>Hickman v. State</u>, 153 S.W.3d 16, 21 (Tenn. 2004). Therefore, we will proceed to the merits of the petitioner's argument.

Initially, the petitioner sets forth various allegations that may be taken cumulatively as a contention that his guilty plea was not knowingly, voluntarily, and intelligently entered. Specifically, he avers that:

1)  his plea was coerced by his counsel;
2)  he was unaware of the nature of the charge and the State's burden of proof regarding the elements of the offense;

3) he believed that he was pleading to the minimum sentence and was unaware
   that his sentence could be enhanced with his prior convictions;

4) he was not informed of the range of punishment he faced; and

5) he was unaware of the nature and consequences of the plea.

We first note that challenges to the validity of a guilty plea render the conviction voidable, not void. Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). Therefore, they are not cognizable in a habeas corpus petition but are appropriately addressed in a petition for post-conviction relief. Id.

Next, the petitioner alleges that the District Attorney unconstitutionally failed "to disclose evidence that if it were presented would have been favorable to the [petitioner]. . . ." However, this claim requires proof beyond the face of the record; therefore, the judgment is facially valid. The proper vehicle for attacking a facially valid judgment based on a constitutional violation is a petition for post-conviction relief, not a habeas corpus petition. Luttrell, 644 S.W.2d at 409. Therefore, the trial court properly dismissed this issue.

The petitioner also avers that his sentence was illegal because it exceeded the statutory minimum without enhancement factors being proven by the State or identified by the sentencing court. Upon reviewing the judgment, we conclude that the petitioner's sentence is not facially void. The appropriate range of punishment for a Range II offender sentenced for a Class C felony is between six and ten years. Tenn. Code Ann. § 40-35-112(b)(3). In the case *sub judice*, the petitioner pled guilty to robbery (a Class C felony) and received a sentence of eight years, which is certainly within the appropriate range. Accordingly, the sentence imposed is legal.

The petitioner further alleges various instances of ineffective assistance of counsel including: failure to properly investigate the case, failure to advise the petitioner, failure to file proper motions, failure to present mitigating factors, and failure to exercise due diligence as is required by the American Bar Association. It is well-settled that claims of ineffective assistance of counsel can only be raised in a petition for post-conviction relief. Michael S. Neely v. Ricky Bell, Warden, No. M2004-01012-CCA-R3-HC, 2005 Tenn. Crim. App. LEXIS 41 (Tenn. Crim. App., at Nashville, Jan. 20, 2005) (citing Passerella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982)). Therefore, none of these claims are cognizable in a habeas corpus petition, and they were properly dismissed.

The petitioner also avers that the indictment was "fatally defective because it states an offense that includes violence or fear when in fact there was none." Our supreme court "has held that, for constitutional purposes, 'an indictment is valid if it provides sufficient information: (1) to enable the accused to know the accusation to which answer is required; (2) to furnish the court adequate basis for the entry of a proper judgment; and (3) to protect the accused from double jeopardy.'" Howard Buchanan v. Tony Parker, Warden, No. W2004-1386-CCA-R3-HC, 2005 Tenn. Crim. App. LEXIS 24, at *21 (Tenn. Crim. App., at Jackson, Jan. 6, 2005) (citing State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997)). The indictment must also meet the statutory requirements as codified at Tennessee Code Annotated section 40-13-202:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty, which will enable the court, on conviction, to pronounce the proper judgment; and in no case are such words as "force and arms" or "contrary to the form of the statute" necessary.

Moreover, our courts have noted, "an indictment may refer to the statute that defines the offense and that indictment is sufficient and satisfies all constitutional and statutory requirements." Buchanan, 2005 Tenn. Crim. App. LEXIS 24, at *23 (citing State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000); Ruff v. State, 978 S.W.2d 95, 100 (Tenn. 1998)).

Upon reviewing the indictment in the present case, we conclude that it meets both the constitutional and statutory standards. Specifically, the indictment states that the petitioner "on or about the 27th day of August, 1999, in the County and State aforesaid, did unlawfully and knowingly, by violence, take cash from Patricia Stewart, against the peace and dignity of the State of Tennessee. In Violation of: T.C.A. § 39-13-401." We note that the petitioner is properly named, the date of the offense is given, the statute relied upon is recited, the statutory language is tracked, and the elements relied upon are listed. Accordingly, the petitioner was sufficiently notified of the charges against him, and the trial court had authority to enter the judgment following his plea.

Finally, the petitioner contends that the trial court erred by summarily dismissing his petition without appointment of counsel. While there is no federal or state constitutional right to appointment of counsel in a habeas corpus proceeding, the trial court has a duty to appoint counsel "if necessary." Tenn. Code Ann. § 40-14-204 (2004); see also John C. Tomlinson v. State, No. M2001-02152-CCA-R3-CO, 2002 Tenn. Crim. App. LEXIS 549 (Tenn. Crim. App., at Nashville, June 28, 2002) (citing Coleman v. Thompson, 501 U.S. 722, 755, 111 S. Ct. 2546 (1991)).

If the petitioner's judgments are facially valid and not void, the trial court may properly dismiss a petition for writ of habeas corpus without appointing counsel and without holding an evidentiary hearing. State v. Lavondas Cordell Nelson, No. M2003-01525-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 1101, at *6 (Tenn. Crim. App., at Nashville, Dec. 30, 2003). See also State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967), which provides that a habeas corpus petition may be dismissed without a hearing and without the appointment of counsel if the petition fails to allege facts that would justify relief. In the instant matter, the trial court's actions were justified because the petitioner did not allege any facts that justify habeas corpus relief. Therefore, we affirm the trial court's denial of habeas relief.

### Conclusion

The trial court's summary dismissal of the habeas petition is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE