**Claudie LUTTRELL, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 17, 1982.

Claudie Luttrell, pro se.

William M. Leech, Jr., Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Ronald Miller, Asst. Dist. Atty. Gen., Nashville, for appellee.

OPINION

WALKER, Presiding Judge.

The petitioner, Claudie Luttrell, filed this pro se petition for habeas corpus in the Criminal Court of Davidson County. He complains of his conviction in Henry County. Without an evidentiary hearing, the trial judge dismissed it. Luttrell has appealed, contending in his pro se brief that the trial judge should have granted him an evidentiary hearing.

Luttrell is serving a life sentence for second degree murder, which sentence was imposed as a result of his conviction in Henry County. On direct appeal we affirmed the conviction in an unreported opinion, *State v. Claudie Luttrell,* filed at Jackson November 6, 1980; certiorari denied January 5, 1981.

In his habeas corpus petition, Luttrell complains that his constitutional rights at his trial were denied him by ineffectiveness of his counsel, by pretrial publicity, by failure to consider his mental competency, and by failure to furnish him an impartial jury. Although the petitioner filed a habeas corpus petition, he urges on appeal that the trial judge should have followed the Post-conviction Procedure Act, particularly T.C.A. 40–3807, in regard to opportunity to file an amended petition with the aid of counsel and T.C.A. 40–3818 providing for the trial judge, on final disposition of a proceeding, to set forth his findings of fact and conclusions of law on each ground presented.

The trial judge's order merely denied all relief in dismissing the habeas corpus petition.

■ The state insists that the petitioner should have filed his petition in the court of the conviction and that the trial judge in Davidson County properly dismissed the petition in that county. We agree and affirm the dismissal of the habeas corpus petition.

■ Habeas corpus is limited in its nature and scope. For that reason our Post-conviction Procedure Act, T.C.A. 40–3801 to

3824, was enacted. While habeas corpus may be filed in the court most convenient in point of distance to the applicant, postconviction relief must be sought *in the court where the conviction occurred* and "the original trial judge, where available, shall be designated where an issue is raised as to the competency of counsel representing the petitioner in the original proceeding." TCA 40–3803.

For the orderly administration of justice in collateral attacks on convictions, it is necessary to consider the issue of jurisdiction. By the petitioner's argument, relief by habeas corpus and under the Postconviction Procedure Act would be alternate and parallel remedies, and a prisoner could choose his forum to challenge his convictions on constitutional grounds by collateral attack. We disagree. The law is munificent in its remedies, but our statutes do not provide for jurisdiction of postconviction claims in the county of the petitioner's choice. The legislature has wisely provided otherwise.

The principal question raised by this habeas corpus petition is the effectiveness of petitioner's counsel in Henry County. The nature of the complaints raised are matters for postconviction relief procedure rather than habeas corpus.

In *Case v. Nebraska*, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965), the United States Supreme Court recognized that in almost all of the states habeas corpus was not an adequate remedy to adjudicate collateral attacks addressed to alleged violations in the conviction process, suggesting to the states that they enact postconviction statutes to deal with such constitutional violations. Tennessee adopted our comprehensive postconviction relief act to ventilate and decide these claims.

■ Under the Postconviction Procedure Act, the trial judge is authorized to consider a petition for habeas corpus as one for postconviction relief. T.C.A. 40–3808; *Ray v. State*, 489 S.W.2d 849 (Tenn.Cr.App. 1972). To do this, however, it must be filed in the proper county.

Under similar circumstances, this court affirmed the dismissal, denying postconviction jurisdiction, in *Vaughn v. State*, No. 264, Davidson County, filed January 25, 1978, at Nashville (unreported), where we said:

"The question raised cannot be reached in State court under a purely habeas corpus proceeding. While Tennessee has long had a statutory habeas corpus scheme, T.C.A. sec. 23–1801 et seq., our courts have consistently construed the scope of review by habeas corpus very strictly. *State ex rel. Brown v. Newell,* 216 Tenn. 284, 391 S.W.2d 667 (1965); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim.App. 447, 443 S.W.2d 839 (1969); *State ex rel. Newsom v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186 (1968). This is in marked contrast to federal habeas corpus proceedings which offer a broad basis for review. See 28 U.S.C.S. sec. 2241 et seq. It was because of the limited nature and scope of Tennessee habeas corpus proceedings that our Post-Conviction Procedure Act (T.C.A. sec. 40–3801 et seq.) was passed. It is that Act which provides us with a review procedure comparable in scope to federal habeas corpus. Habeas corpus under Tennessee law has always been, and remains, a very narrow procedure.

"The legislature attempted to give the trial courts a way to add additional scope to petitions labeled 'habeas corpus' by providing that they might be treated as petitions filed under the Post-Conviction Procedure Act. T.C.A. sec. 40–3808. However, the petition sub judice cannot be converted and broadened in that way, because it was not filed in the court wherein the conviction was obtained. See T.C.A. sec. 40–3803. All petitions filed under the Post-Conviction Procedure Act must be filed in the court of the conviction (T.C.A. sec. 40–3803) *, and must be filed in the jurisdiction wherein the deprivation is taking place. (T.C.A. sec. 23–1804)

"In the case at bar, the petition was not filed in the court of the conviction, but instead followed the procedure neces-

sary to purely habeas corpus petitions in our State and was filed in the county of detention. However, the respondent is listed only as the 'State of Tennessee.'

"The point is that this petition cannot be treated as a petition for Post-Conviction Relief, because it was not filed in the court of the conviction. Had it been, even though it was labeled habeas corpus, the trial judge could have converted it."

---

* By contrast habeas corpus petitions are filed against individuals who are unlawfully depriving one of liberty (TCA 23–1801).

It is clear that it was the intent of the legislature that such claims as presented here should be heard in the court where the conviction took place, and that the original trial judge, if available, should hear them. This is a salutary provision, fostering administrative convenience and equitable distribution of the burden of litigation. When the case is heard in the convicting court, the record of the original and any subsequent proceedings are there, and the witnesses are convenient and readily available. In addition it avoids overloading the courts nearest to institutions where prisoners are incarcerated.

Before the enactment of the Postconviction Procedure Act, the Chief Justice was authorized by Chapter 234 of the Public Acts of 1965, formerly T.C.A. 23–1840, to transfer habeas corpus cases to the court where the conviction took place. By section 26 of the Postconviction Procedure Act, the legislature repealed this provision, thus indicating its intent that these claims be presented by postconviction relief procedure. 1967 Tenn.Pub.Acts, ch. 310, sec. 26.

If there is merit to petitioner's claims, it is through the Postconviction Procedure Act, rather than through habeas corpus proceedings that they should be reached.

The dismissal is affirmed.

DUNCAN and SCOTT, JJ., concur.