921 F.2d 276
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest LEWIS, Jr., Petitioner-Appellant,
v.
Billy W. COMPTON, Warden, Respondent-Appellee.
 No. 89-5847.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1990.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs of the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner is currently serving a thirty year sentence for second degree murder. He filed a 28 U.S.C. Sec. 2254 habeas corpus action in which he alleged that his trial and appellate counsel was ineffective in failing to raise on direct appeal the issue of the chief prosecution's witness's recanting of his trial testimony. The district court denied the petition on the basis that the issue was not raised before the Tennessee Court of Criminal Appeals; therefore, he had not exhausted his state court remedies.
 
 
 3
 The Tennessee Court of Criminal Appeals has never addressed the petitioner's claim regarding the alleged recanted testimony of the prosecutor's chief witness. However, petitioner argues that exhaustion of state court remedies is futile because all applicable statutes of limitations bar review by the state courts. The respondent has failed to address this matter.
 
 
 4
 All applicable statutes of limitations have expired and petitioner has no available state court remedies. Tennessee requires that a petition for post-conviction relief must be filed within three years of the date of the final action of the highest state appellate court to which an appeal is taken "or consideration of such petition is barred." Tenn.Code Ann. Sec. 40-30-102 (1986). Because the Tennessee courts last dealt with this case more than three years before the petitioner filed this habeas action, his claim is time-barred. Furthermore, the petitioner is barred from seeking relief under Tennessee's coram nobis statute (Tenn.Code Ann. Sec. 40-26-105) because that statute requires an action to be brought within one year of conviction. See Tenn.Code Ann. Sec. 27-7-103. Finally, the petitioner is precluded from bringing an action under Tennessee's separate habeas corpus statute because the Tennessee Court of Criminal Appeals has held that a petition seeking relief because of the allegedly ineffective assistance of counsel is a matter to be brought under the post-conviction relief statute rather than habeas corpus. Luttrell v. State, 644 S.W.2d 408, 409 (1982).
 
 
 5
 Accordingly, it is ORDERED that the district court's order filed May 25, 1989, adopting the magistrate's report and recommendation filed April 13, 1989, is vacated and the case remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit. Exhaustion of state court remedies in this case is not required because all applicable state statutes of limitations have expired and any attempt to raise the unexhausted claim before the state courts would be futile. See Matlock v. Rose, 731 F.2d 1236, 1240 (6th Cir.1984).