IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JULY 1997 SESSION

FILED

September 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES H. TURNER, | ) | |
| | ) | C.C.A. NO. 01C01-9608-CC-00365 |
| Appellant, | ) | |
| | ) | HICKMAN COUNTY |
| VS. | ) | |
| | ) | HON. CORNELIA A. CLARK, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


JAMES H. TURNER, pro se          JOHN KNOX WALKUP
TCIP ANNEX, #99071                   Attorney General & Reporter
Route 1
Only, TN 37140                       LISA A. NAYLOR
                                     Attorney for the State
                                     450 James Robertson Pkwy.
                                     Nashville, TN  37243-0493

                                     JOSEPH D. BAUGH
                                     District Attorney General

                                     RONALD L. DAVIS
                                     Asst. District Attorney General
                                     P. O. Box 937
                                     Franklin, TN 37065-0937


OPINION FILED:_____



AFFIRMED



JOHN H. PEAY,
Judge

**O P I N I O N**

The petitioner, an inmate with the Department of Correction, received three concurrent forty-five year sentences for two convictions of aggravated kidnapping and one conviction of accessory before the fact to murder in the second degree. By petition for a writ of habeas corpus, he challenges his restraint alleging that it is "illegal and void on the face of the records." His petition was dismissed without a hearing by the court below.

In this appeal as of right, the petitioner contends that the trial court erred in dismissing his petition without an evidentiary hearing. After consideration of the record in this cause, we find the petitioner's complaint to be without merit and, therefore, affirm the trial court's action.

The lengthy history of this case was fully summarized in a previous appeal to this Court. See State v. James Howard Turner, No. 01C01-9404-CR-00122, Davidson County (Tenn. Crim. App. filed September 20, 1995, at Nashville). Suffice it to say that the petitioner has had at least two prior appeals in this Court along with a habeas corpus proceeding in the federal system that went to the United States Supreme Court.

In this case, the petitioner alleges that his restraint is illegal and void because the trial court lacked jurisdiction, because he was convicted of charges based on an indictment that was dismissed, and other grounds relying on evidentiary issues. The dismissal of the petition by the trial judge, without a hearing, found that all matters raised by the petitioner had been previously litigated and had been "corrected or resolved." The trial judge's order concluded that the petitioner had made no showing that

he is being illegally restrained.

In Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994), this Court outlined the circumstances under which habeas corpus relief is available:

> It is a well-established principle of law that the remedy of habeas corpus is limited in scope as well as relief. In criminal cases, the remedy is limited to cases where the judgment is void or the term of imprisonment has expired . . . if the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief.

Passarella, 891 S.W.2d at 626-27.

The complaints made by the petitioner are not ones that would render the trial court judgment void but, rather, voidable. Tennessee courts have consistently construed the scope of review by habeas corpus very strictly. Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). Pursuant to this narrow scope, this Court, in Willie Edward Thornton v. Fred Raney, Warden, No. 02C01-9302-CC-00025, Lauderdale County (Tenn. Crim. App. filed January 26, 1994, at Jackson), held that erroneous jury instructions meet none of the requirements for habeas corpus relief. The Court further stated that "the only method of collaterally attacking the judgment because of constitutional deprivations occasioned by erroneous instructions is by petition for post-conviction relief."

The petitioner has alleged no facts that would cause his convictions to be void or to show that the term of his imprisonment has expired. He merely seeks to have this Court reconsider the evidence and/or weigh the credibility of witnesses. The mere conclusory allegation that his convictions are void, without valid support or basis, is insufficient for habeas corpus relief.

3

We affirm the trial court's dismissal, without a hearing, of the petition in this case.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
WILLIAM M. BARKER, Judge


_____
JERRY L. SMITH, Judge