IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MAY 1998 SESSION

**FILED**

**August 25, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| RALPH ROE, | * | C.C.A. # 01C01-9708-CR-00354 |
| Appellant, | * | DAVIDSON COUNTY |
| VS. | * | Hon. J. Randall Wyatt, Jr., Judge |
| STATE OF TENNESSEE, | * | (Habeas Corpus) |
| Appellee. | * | |

For Appellant:

Ralph Roe, #114901, Pro Se
R.M.S.I. Unit 6-B-222
7475 Cockrill Bend Road
Nashville, TN 37209-1010

For Appellee:

John Knox Walkup
Attorney General and Reporter

Timothy F. Behan
Assistant Attorney General
425 Fifth Avenue North
Second Floor, Cordell Hull Building
Nashville, TN 37243-0493

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

<u>OPINION</u>

The defendant, Ralph Roe, appeals the trial court's denial of habeas corpus relief. In this appeal of right, the petitioner contends that he should have been appointed counsel, received a hearing, and been granted relief based upon the invalid arrest warrant.

_____ We affirm the judgment of the trial court.

On or about February 9, 1997, the petitioner, who is serving a twenty-five-year sentence for a 1988 second degree murder conviction, filed a petition for writ of habeas corpus seeking his release from prison. In 1991, he was charged with felony escape. Thereafter, the petitioner apparently entered into a plea bargain in the General Sessions Court whereby he pled guilty to misdemeanor escape and received an eleven month, twenty-nine-day sentence at seventy-five percent. He characterizes his claim as follows:

> The Petitioner contends that his sentence is void, due to he was sentenced to felony charges and serving time on felony charges when the escape took place, and he should have been sentenced felony escape rather than a misdemeanor escape, this is a clear violation of due process and it damages the Petitioner and it is a void sentence being it is illegal.
>
> The Petitioner contends that he should have been sentenced to a felony escape rather than misdemeanor escape, and that since he was serving sentences for felony convictions and he was not bound over to the Grand Jury and was not processed through the judicial system according to [Rule 5(d) of the Tennessee Rules of Criminal Procedure], regarding felony charges and rights of defendants in regards to felony charges appearing before the magistrate, his charges need to be dismissed and dropped accordingly.
>
> The Petitioner contends that the court that sentenced him had no jurisdiction over him in sentencing him to a misdemeanor escape, since he was serving sentences for felony convictions and thereby respectfully asks this Court to dismiss the charge of escape that is being held

2

against him.

In the order of dismissal, the trial court determined that, in addition to the second degree murder conviction, which had a sentence that would not expire until 2013, the petitioner was serving concurrent sentences on other convictions.  It determined that the eleven month, twenty-nine-day sentence was consecutive, that the petitioner had been denied parole in 1996, and that the next possible date for parole was October of 1998.  The trial court concluded that the general sessions court had jurisdiction to accept petitioner's guilty plea to misdemeanor escape. Tenn. Code Ann. § 40-1-109; Tenn. R. Crim. P. 5(c)(1).

The trial court determined that petitioner had been represented by counsel on the escape charge, had been apprised that the charge would be a misdemeanor, signed a waiver of rights to consideration by a grand jury or a trial by jury by way of presentment or indictment, and pled guilty to that offense.

The trial court found that Attorney Sue Evans, who approved the plea agreement on the escape charge, had the authority to preside over the case. See Tenn. Code Ann. § 16-15-209.  Now, Judge Evans is a general sessions judge in Metropolitan Davidson County.

Initially, at the time of the petitioner's second degree murder conviction, the Post-Conviction Procedure Act provided that a petition for relief, irrespective of the remedy sought, had to filed "within three years of the final action of the highest state appellate court to which an appeal is taken."  Tenn. Code Ann. § 40-30-102 (1986).  In contrast, habeas corpus has no statutory period of limitations; however, relief may be granted only when a petitioner has established lack of

3

jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence.  See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969).  If a claim is based upon an alleged abridgement of a constitutional right, the petitioner must use the Post-Conviction Procedure Act. Luttrell v. State, 644 S.W.2d 408 (Tenn. Crim. App. 1982).

It does not appear on the face of this judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant for the second degree murder conviction.  There is no indication that the general sessions court lacked authority to enter the misdemeanor escape conviction.  Neither does it appear that the sentences of imprisonment for the petitioner have expired.  Archer v. State, 851 S.W.2d 157 (Tenn. 1993); Potts v. State, 833 S.W.2d 60 (Tenn. 1992).

When it can be conclusively determined that no relief is available, the petition may be dismissed summarily without the appointment of counsel.  In this case, the petitioner has failed to state a ground upon which the trial court could have determined that either of the two judgments were facially invalid.  Clearly, the sentences have not expired.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

4

CONCUR:


_____
David G. Hayes, Judge


_____
Jerry L. Smith, Judge