# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 22, 2000

## STATE OF TENNESSEE v. DONALD REE JONES

**Appeal from the Criminal Court for Wilson County**
**No. 12983     J. O. Bond, Judge**

---

**No. M2000-00381-CCA-R3-CD  - Filed October 13, 2000**

---

The defendant, Donald Ree Jones, challenges the trial court's dismissal of his motion to correct an illegal sentence.  He argues that his sentence is illegal because his agreed sentence pursuant to a guilty plea following the remand of his case was higher than his initial sentence, which was overturned on appeal.  We hold that a defendant may not bring an appeal as of right from the dismissal of a motion to correct an illegal sentence and that an illegal sentence is properly challenged in a petition for habeas corpus relief.  Treating this appeal as a petition for a writ of certiorari, we hold that the defendant's sentence is legal and decline to grant the petition.

**Tenn. Code Ann. § 27-8-101; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Donald Ree Jones, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Counsel for the State; Tom P. Thompson, Jr., District Attorney General; and Robert N. Hibbett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Donald Ree Jones, seeks to appeal as of right from the trial court's order dismissing his motion to correct an illegal sentence.  The gist of the defendant's claim is that his sentence upon remand of his murder case was higher than the one he received before the appeal, rendering the sentence illegal.  Pursuant to his guilty plea, circa 1970, to a 1968 first degree murder, the defendant was sentenced to life imprisonment.  The trial court concluded that the sentence is legal and that any other claims made by the defendant are barred as untimely brought.  We affirm the trial court's dismissal of the motion.

The defendant was first convicted of two first degree murders in a jury trial and received concurrent ninety-nine-year sentences. The convictions were reversed on appeal, <u>Donald Ree Jones v. State</u>, Wilson County (Tenn. Crim. App. at Nashville, Jan. 27, 1970). The defendant states that upon remand, he pled guilty pursuant to a plea agreement and received a life sentence. In contending that his life sentence is illegal, the defendant relies upon <u>North Carolina v. Pearce</u>, 395 U.S. 711, 722-26, 89 S. Ct. 2072, 2079-81 (1969), which holds that the imposition of a harsher sentence after a successful appeal violates due process absent the showing of a legitimate reason for the more severe sentence. The state responds that life imprisonment was a legitimate sentencing option at the time of the offense, citing Tenn. Code Ann. § 39-2405 (1956), and that there was no increase in the ninety-nine-year sentence because that sentence was set aside on appeal. The state misses the defendant's point. However, the defendant is not entitled to relief.

At the outset, we observe that Rule 3(b), T.R.A.P., does not permit a direct appeal of a trial court's dismissal of a motion to correct an illegal sentence. Rule 3(b) contemplates an appeal from a judgment of conviction, from an order denying or revoking probation, or "from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." In this case, the trial court merely dismissed the defendant's motion, and no appeal as of right exists. Although the defendant does not seek to appeal by permission, we note that an interlocutory appeal pursuant to Rule 9, T.R.A.P., and an extraordinary appeal pursuant to Rule 10, T.R.A.P., relate to a challenge to the interlocutory orders of the lower court. In the present case, no further proceedings are pending before the trial court.

Nevertheless, a trial court "may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final." <u>State v. Burkhart</u>, 566 S.W.2d 871, 873 (Tenn. 1978). A sentence that directly contravenes a statute is illegal and void. <u>Jonathan Stephenson v. Howard Carlton, Warden</u>, No. E1998-00202-SC-R11-CD, Johnson County, slip op. at 3 (Tenn. Sept. 21, 2000) (for publication); <u>Burkhart</u>, 566 S.W.2d at 873. A judgment is void if the face of the judgment reveals that the court was without jurisdiction or authority to issue it. <u>Jonathan Stephenson</u>, slip op. at 3; <u>Taylor v. State</u>, 995 S.W.2d 78, 83 (Tenn. 1999). Because the judgment of conviction includes both the finding of guilt and the sentence imposed, Tenn. R. Crim. P. 32(e), a sentence that is illegal, and therefore void, renders the entire judgment of conviction void. In cases arising from criminal convictions, the remedy of habeas corpus relief applies when the judgment is void. <u>See</u> <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993); <u>Passarella v. State</u>, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). Thus, the appropriate procedure for challenging a void sentence is a petition for habeas corpus relief. <u>Jonathan Stephenson</u>, slip op. at 4. In fact, we believe that a trial court may have a statutorily imposed duty to grant habeas corpus relief <u>sua</u> <u>sponte</u> upon receiving evidence of an illegal and void sentence in a judicial proceeding. <u>See</u> Tenn. Code Ann. § 29-21-104 (providing that the trial court has a duty to grant habeas corpus relief if evidence from a judicial proceeding reveals that a defendant is illegally imprisoned, even if the defendant has not filed a habeas corpus petition).

Procedurally, the defendant seeking habeas corpus relief should apply to the court most convenient in distance unless a sufficient reason exists to apply elsewhere. Tenn. Code Ann. § 29-21-105. We note that the convicting court possesses all of the records relevant to a defendant's

sentence.  Also, the issue relates to a void sentence, which the convicting court can correct at any time, not a void conviction in terms of the verdict of guilt.  We believe these circumstances provide a sufficient reason for a defendant striving to correct an illegal sentence to file his habeas corpus petition in the convicting court.

In the present case, the defendant failed to proceed by means of a petition for habeas corpus relief, the denial of which could be directly appealed to this court.  See T.R.A.P. 3(b).  Nevertheless, because an illegal sentence may be corrected at any time, we do not believe that the defendant's failure to seek habeas corpus relief necessarily deprives him of appellate review.  A defendant may pursue appellate review from the denial of a motion to correct an illegal sentence through the common law writ of certiorari.  State v. Bruce C. Reliford, No. W1999-00826-CCA-R3-CD, Shelby County, slip op. at 3 (Tenn. Crim. App. Sept. ___, 2000).  Generally, the common law writ of certiorari is limited in application and may not ordinarily be used to ascertain the accuracy of a judgment issued by a court with jurisdiction.  State v. Johnson, 569 S.W.2d 808, 815 (Tenn. 1978).  That being said, the writ properly applies:

> a.  Where the ruling of the court below represents a fundamental illegality.
>
> b.  Where the ruling constitutes a failure to proceed according to the essential requirements of the law.
>
> c.  Where the ruling is tantamount to the denial of either party of a day in court.
>
> d.  Where the action of the trial judge was without legal authority.
>
> e.  Where the action of the trial judge constituted a plain and palpable abuse of discretion.
>
> f.  Where either party has lost a right or interest that may never be recaptured.

Id. (citations omitted).  This common law writ is now codified:  "The writ of certiorari may be granted . . . in all cases where an inferior tribunal . . . has exceeded the jurisdiction conferred or is acting illegally, when, in the judgment of the court, there is no other plain, speedy or adequate remedy."  Tenn. Code Ann § 27-8-101.

As we have noted, the court may correct an illegal sentence at any time.  Burkhart, 566 S.W.2d at 873.  In the interest of justice, the appellate court may transform an improperly filed appeal into a petition for a writ of certiorari.  State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998); see T.R.A.P. 36(a) (providing that this court "shall grant relief on the law and the facts to which the party is entitled or the proceeding otherwise requires and may grant any relief, including the giving of any judgment and making of any order").  We believe that it is in the interest of justice and judicial economy to treat this appeal as a petition for a writ of certiorari and to address the merits of the defendant's contentions to determine if we will grant such a petition.  In this regard, we note

that a sentence is illegal if it "directly contravened a statute in existence at the time it was imposed." Taylor, 995 S.W.2d at 85. However, a life sentence for first degree murder was authorized at the time the defendant entered his guilty plea and remains legal now. Miller v. State, 584 S.W.2d 758, 765 (Tenn. 1979); Taylor, 995 S.W.2d at 85-6. Thus, his sentence is not void.

Furthermore, the defendant's claimed due process violation, allegedly stemming from judicial or prosecutorial vindictiveness, does not relate to a void sentence. Such a constitutional violation renders the sentence voidable not void and is therefore properly challenged in a post-conviction proceeding. See Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982) (holding that alleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings). This court has already determined that the defendant's 1997 habeas corpus petition, which alleged that he was the victim of judicial and prosecutorial vindictiveness, could not be treated as a post-conviction petition because the statute of limitations would bar his claims. Donald R. Jones v. State, No. 03C01-9706-CR-00206, Carter County (Tenn. Crim. App. May 5, 1999) (no Rule 11, Tenn. S. Ct. R., application filed). Thus, the trial court in the present case properly found that if the defendant's motion were a petition for post-conviction relief, it would be barred by the statute of limitations and summarily dismissed.

Based upon the foregoing and the record as a whole, we decline to grant an appeal and affirm the trial court's dismissal of the defendant's motion to correct an illegal sentence.

$$\overline{\phantom{JOSEPH M. TIPTON, JUDGE}}$$
JOSEPH M. TIPTON, JUDGE