IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 23, 2001

## HENRY J. WHITE, JR. v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 3545     Robert E. Cupp, Judge**

---

**No. E2000-02246-CCA-R3-CD**
**February 27, 2001**

---

The petitioner challenges the trial court's denial of his habeas corpus petition for failure to state a cognizable claim for relief. We affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Henry J. White, Jr., Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; and R. Stephen Jobe, Assistant Attorney General, for the appellees, Howard Carlton, Warden, and State of Tennessee.

**OPINION**

The petitioner, Henry J. White, Jr., appeals as of right from the Johnson County Criminal Court's denial of his petition for a writ of habeas corpus. He is presently serving an effective forty-year sentence for his October 31, 1990 convictions pursuant to guilty pleas for especially aggravated robbery, a Class A felony, and aggravated robbery, a Class B felony. The petitioner contends that his convictions are void because he received the ineffective assistance of counsel; he did not plead guilty knowingly, intelligently, or voluntarily; and the trial court failed to advise him of his rights according to the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969), and Rule 11, Tenn. R. Crim. P. The state contends that the trial court properly denied the petition because the judgments are not void on their face nor has the petitioner presented any evidence that his sentence has expired. We affirm the trial court's denial of the petition for a writ of habeas corpus.

A petition for the writ of habeas corpus may be brought if the judgment is void or the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). However, if the claimed illegality renders the judgment or sentence voidable, rather than void, no relief can be granted. Id.

at 161. Alleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings. Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). A denial of the effective assistance of counsel renders the judgment voidable, not void, and therefore is not cognizable in a habeas corpus proceeding. See id. Likewise, an involuntary guilty plea makes the judgment voidable rather than void. Archer, 851 S.W.2d at 164. The trial court's failure to advise the criminally accused completely regarding the rights waived by a guilty plea also creates a voidable judgment. State v. Neal, 810 S.W.2d 131, 134-35 (Tenn. 1991), overruled in part on other grounds by Blankenship v. State, 858 S.W.2d 897, 902 (Tenn. 1993). These claims are not cognizable in a habeas corpus proceeding.

A trial court may treat a habeas corpus action as a petition for post-conviction relief. Tenn. Code Ann. § 40-30-205(c). However, the petitioner pled guilty in 1990. Thus, the present petition, filed on April 4, 2000, is well outside the statute of limitations for post-conviction petitions.

Additionally, the venue of this case prevented the trial court from treating the petition as one for post-conviction relief. A habeas corpus petition is filed where the petitioner is restrained, the court "most convenient in point of distance to the applicant," unless the petition gives a "sufficient reason" otherwise. Tenn. Code Ann. § 29-21-105. A post-conviction petition, on the other hand, is filed in the convicting court. Tenn. Code Ann. § 40-30-204(a). The petitioner was convicted in the Hamilton County Criminal Court, and he filed his petition for a writ of habeas corpus in the Johnson County Criminal Court. The Johnson County Criminal Court lacked jurisdiction to treat his habeas corpus petition as a petition for post-conviction relief. Furthermore, a court lacking jurisdiction over the petition does not have the power to transfer the case to the proper county absent a statute to the contrary. Norton v. Everhart, 895 S.W.2d 317, 319 (Tenn. 1995). We note that in the present case, the petitioner moved the court to transfer his case to the Hamilton County Criminal Court pursuant to its jurisdiction over the habeas corpus proceeding, contending that the transfer would be in the interest of justice and more convenient to the parties and witnesses. The trial court properly declined to find that the petitioner's contentions provided "sufficient reason" to permit him to bring the case in a court other than that closest to the petitioner. See Tenn. Code Ann. § 29-21-105; Jimmy Wayne Wilson v. State, No. 03C01-9806-CR-00206, Sullivan County, slip op. at 5 (Tenn. Crim. App. June 24, 1999), app. denied (Tenn. Nov. 22, 1999).

Based upon the foregoing and the record as a whole, we affirm the trial court's denial of the petition for a writ of habeas corpus.

_____
JOSEPH M. TIPTON, JUDGE