IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 16, 2002

## DARRELL WENTZEL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Williamson County**
**No. I-696-177    Donald P. Harris, Judge**

_____

**No. M2002-00799-CCA-R3-PC - Filed March 18, 2003**

_____

On December 6, 1996, the petitioner was convicted of armed robbery, aggravated burglary, and aggravated kidnaping. On direct appeal, those convictions were affirmed. The Tennessee Supreme Court denied permission to appeal on May 10, 1999. On June 21, 2001, the petitioner filed, pro se, a document titled "motion for extraordinary relief." The trial court dismissed the motion, characterizing it as a petition for post-conviction relief, and barred by the one-year statute of limitations. We affirm the dismissal from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Darrell Wentzel, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; and Ronald L. Davis, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner was convicted of two counts of aggravated robbery, in violation of Tennessee Code Annotated section 39-13-402; one count of aggravated burglary, in violation of Tennessee Code Annotated section 39-14-403; and one count of especially aggravated kidnaping, in violation of Tennessee Code Annotated section 39-13-305, and was sentenced to twelve years in the Tennessee Department of Correction. The petitioner directly appealed the convictions, raising the following issues: plain error by the trial court in allowing an in-court identification; sufficiency of the evidence to corroborate accomplice testimony; double jeopardy; wrongful conviction of the kidnapping, as kidnapping was only incidental to the robbery; and sentencing. See State v. Darrell Wentzel, No. 01C01-9705-CC-00193, 1998 Tenn. Crim. App. LEXIS 1263, (Tenn. Crim. App. December 7, 1998, at Nashville) (permission to appeal denied, May 10, 1999). This Court affirmed

the judgments of the trial court. On June 25, 2001, the petitioner filed a document titled "motion for extraordinary relief." The trial court treated that document as a post-conviction relief petition and dismissed the petition as time barred. Additionally, the trial court dismissed without prejudice the petitioner's motion seeking public records.[1] The petitioner appeals those dismissals.

## Post-Conviction

Post-conviction relief can be granted in a post-conviction proceeding only if the petitioner's denial of a right under the Tennessee or United States Constitution caused his underlying conviction or sentence to be void or voidable. Tenn. Code Ann. § 40-30-203. The petitioner, in his brief, includes a number of conclusory statements that his rights were denied, statements rearguing the actual trial itself, and general expressions of his dissatisfaction with the result of his trial and subsequent appeal. The only discernible issue he raises is that the prosecution withheld evidence that could have affected the outcome of the trial. Such arguments at a post-conviction relief hearing, without support for their conclusions, are subject to summary dismissal. Id. § 40-30-206(d). However, the trial court, in dismissing the petition as time barred, did not even have to reach that decision.

Without addressing the merits, a claim of this type is in the nature of what is addressed in a post-conviction relief petition. As such, it is subject to the post-conviction statute of limitations. Tennessee Code Annotated section 40-30-202(a), which provides in pertinent part: "[a] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken . . . ." The date of the final judgment was May 10, 1999, when the Tennessee Supreme Court denied permission to appeal. The petitioner's document titled "motion for extraordinary relief" was filed June 25, 2001, clearly after the one-year statute of limitations had run.

The petitioner argues that his document was not a post-conviction petition, but a motion seeking extraordinary process as necessary to affect the ends of justice, as per Tennessee Code Annotated section 29-1-105. However, his claim of prosecutorial misconduct by the withholding of evidence is precisely in the nature of what is properly addressed in a post-conviction petition. Such an action by a prosecutor, if it actually occurred, would be an abridgement of the petitioner's rights. As such, the statute of limitations for post-conviction motions will be applied.

This Court has previously characterized a petition to reflect what the petition is actually seeking, as opposed to what the petition is titled. In State v. Luttrell, this Court characterized a petition for habeas corpus relief as being, in reality, a post-conviction petition, because the nature of the complaints raised were matters covered by the Post-Conviction Procedure Act. 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). Additionally, this Court stated recently that "Section 40-30-205, Tennessee Code Annotated, instructs trial courts to treat habeas petitions as post-conviction petitions

---

[1] The issues are gleaned from the State's brief, as the issues as stated in the petitioner's pro se brief were difficult to follow.

'when the relief and procedure authorized by [the Post-Conviction Procedure Act] appear adequate and appropriate.' The trial court treated the present petition as both an application for habeas corpus relief and as a petition for post-conviction relief. The trial court found that the application was barred as a petition for post-conviction relief as it was filed outside the applicable statute of limitations." State v. Jerry Hill, No. W2001-02595-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 288, at *6 (Tenn. Crim. App., Mar. 25, 2002, at Jackson). Similarly, a proper characterization of the petitioner's motion is in order in the present case. As the State quotes in its brief, "If it walks like a duck, quacks like a duck, or looks like a duck . . . it's probably a duck." We agree. We see no reason why such proper characterization should be limited to habeas corpus proceedings, as we look to the type of relief sought to determine how to treat a motion before the trial court.

The trial court's finding of fact was that the petitioner was seeking post-conviction relief and, therefore, was time barred. The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). The evidence does not preponderate against the fact that the petitioner was seeking post-conviction style relief, regardless of the title of his document.

The petitioner argues forcefully that if there is prosecutorial misconduct, that misconduct can rise to the level of a violation against his right to a fair trial. The petitioner is correct. However, these types of allegations are properly addressed in a post-conviction relief hearing. The petitioner is attempting to get around the one-year statute of limitations for post-conviction relief by labeling his document as a motion for extraordinary relief. He even admits that the time limit for a post-conviction relief filing had lapsed, which is why he was seeking relief in the motion form that he was. Labeling his motion other than a post-conviction relief petition does not change the nature of the relief sought. We conclude the trial court was correct in characterizing this petitioner's motion as a post-conviction relief petition and, subsequently, time barred.

A relevant exception to the one-year statute of limitations is if the petition is based on new scientific evidence establishing that such petitioner is actually innocent of the offense. Tenn. Code Ann. § 40-30-202(b)(2). Moreover, in Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001); the Tennessee Supreme Court held that statute of limitations for collateral relief petitions may be tolled if a petition is filed outlining with specificity newly discovered proof of actual innocence. The petitioner fails to detail with any degree of specificity any new evidence scientific or otherwise to support his claims. Having failed to do so, we find the statute of limitations is not tolled.

### Request for Public Records

In its order dismissing the petitioner's motion as post-conviction claim, the trial court commented on the petitioner's Motion for Disclosure, pursuant to Tennessee Code Annotated section 10-7-503, dismissing that motion without prejudice and directing the petitioner to file such

motion in Chancery Court, pursuant to Tennessee Code Annotated section 10-7-505(b), which provides in pertinent part, "[S]uch petition shall be filed in the chancery court for the county in which the county or municipal records sought are situated, or in any other court of that county having equity jurisdiction." The trial court stated that the petitioner could then file his request in the appropriate forum. As a result, the petitioner will have access to any records he needs, only being required to file for same in the proper forum. We find no error.

**Conclusion**

After permission to appeal the Criminal Court of Appeals' decision was denied by the Tennessee Supreme Court, the petitioner attempted to raise the issue that he was treated fundamentally unfairly during the process of his trial. He brought those complaints under a heading of a "motion for extraordinary relief," yet the nature of the complaints were clearly those that are considered in a post-conviction relief petition. As such, the trial court properly dismissed the motion as being filed outside the one-year statute of limitations.

Accordingly, we affirm the dismissal from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE