IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2006

## DARRYL FORD v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 13755      Robert Holloway, Judge**

**No. M2005-01854-CCA-R3-HC - Filed July 31, 2006**

The Appellant, Darryl Ford, proceeding *pro se*, appeals the Wayne County Circuit Court's summary dismissal of his petition for writ of habeas corpus.  Because the petition fails to raise a cognizable claim for habeas corpus relief, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Darryl Ford, *Pro Se*, Clifton, Tennessee.

Paul G. Summers, Attorney General and Reporter and Preston Shipp, Assistant Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

The Appellant is currently serving an effective twenty-five year sentence stemming from his guilty pleas to aggravated rape and attempted aggravated rape. On May 10, 2005, the Appellant filed a *pro se* petition for writ of habeas corpus relief. As grounds for the issuance of the writ, the Appellant alleged that his guilty pleas were not knowingly and voluntarily entered. On June 16, 2005, the trial court summarily dismissed the petition. A timely notice of appeal was filed on June 29, 2005.

**Analysis**

The grounds upon which a writ of habeas corpus may be issued are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964).

Initially, we would observe that the Appellant's petition is woefully inadequate with regard to statutory form and necessary facts which must be asserted in seeking habeas corpus relief. The

Appellant neglects to attach a copy of the cause of the alleged restraint, i.e., the plea agreement or a transcript of the guilty plea hearing, and he fails to state whether the legality of his restraint has been previously adjudicated. T.C.A. § 29-21-107 (b)(2), (3) (2003). In addition, the petition is not verified by affidavit, as required by Tennessee Code Annotated section 29-21-107(a). Our supreme court has confirmed that the procedural requirements are mandatory and must be followed scrupulously. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004). A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements; however, dismissal is not required. *Id.*

On appeal, the Appellant presents the following issue: "Because the Trial Court did not ensure that the petitioner understood the rights he was waiving, because the court did not properly accept the petitioner's plea, renders the Plea and the resulting conviction void." Even if true, this allegation is not a proper claim for habeas corpus relief as it would render the judgments merely voidable, not void. *See Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); *see also Douglas Hayden Kirkham v. State*, No. M2004-02635-CCA-R3-HC (Tenn. Crim. App. at Nashville, May 3, 2005) (citing *Luttrell*, 644 S.W.2d at 409*); Torrey Caldwell v. State*, No. M2002-02436-CCA-R3-CO (Tenn. Crim. App. at Nashville, July 9, 2003). Moreover, because the petition was filed two and a half years after the judgments became final, the petition cannot be treated as a petition for post-conviction relief. *See* T.C.A. § 40-30-102(a) (2003). Accordingly, we conclude that habeas corpus relief is not available.

**CONCLUSION**

Based upon the foregoing, the Wayne County Circuit Court's dismissal of the Appellant's habeas corpus petition is affirmed.

_____

DAVID G. HAYES, JUDGE