IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2009

## JEFFREY McKINNIE v. JOE EASTERLING, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 06-01-0287      J. Weber McCraw, Judge**

_____

**No. W2008-02263-CCA-R3-HC  - Filed May 15, 2009**

_____

The petitioner, Jeffrey McKinnie, appeals the dismissal of his petition for writ of habeas corpus. Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Jeffrey McKinnie, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Melissa Roberge, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Joe L. VanDyke, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

        The record in this case is sparse, containing only the petitioner's judgment form and petition for writ of habeas corpus; the habeas court's order dismissing the petition; an October 3, 2008, letter from the petitioner to the convicting court in which he requests the court's help with his sentence computation and credits; and the notice of appeal.  According to the judgment form, on September 14, 2006, the petitioner pled guilty in the Circuit Court of Hardeman County to aggravated assault, a Class C felony, and was sentenced as a Range II, multiple offender to six years in the Tennessee Department of Correction.  Under the "special conditions" section of the judgment form is the notation, "sentence suspended but 30 additional days supervision by state probation[.]"

        On September 18, 2008, the petitioner filed a petition for writ of habeas corpus in the Circuit Court of Hardeman County, alleging that his sentence was illegal and void.  Specifically, he asserted that as the result of his violation of probation on April 6, 2007, he was sentenced by agreement with

the State to enter into a rehabilitation center.  He further asserted that while he was waiting for space to become available at that rehabilitation center, the sheriff transported him to the Tennessee Department of Correction, which resulted in the State's breaching his plea bargain agreement.  The petitioner alleged that he is entitled to "specific performance of his plea agreement as described in Santobello [v. New York, 404 U.S. 257, 92 S. Ct. 495 (1971)], or to have the sentence to be determined illegal and void."

On September 29, 2008, the habeas court entered an order dismissing the petition on the grounds that the petitioner had shown neither a void judgment nor an expired sentence.  On October 7, 2008, the petitioner filed a notice of appeal to this court.

**ANALYSIS**

The petitioner argues he is entitled to habeas corpus relief because the sole basis for his acceptance of the plea bargain agreement was the promise that he would be allowed to serve his time in a rehabilitation center instead of the Department of Correction.  The State responds by arguing, *inter alia*, that even if the petitioner could establish that his plea agreement had been breached as claimed, it would at most render his conviction voidable, not void.  We agree with the State.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired.  State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998).  To obtain habeas corpus relief, the petitioner must show by a preponderance of the evidence that his sentence is void and not merely voidable.  See Davenport, 980 S.W.2d at 409.  A void, as opposed to a voidable, judgment has been defined by our supreme court as "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment."  Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  Thus, habeas corpus relief is available only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired."  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (citation omitted).  The determination of whether to grant relief upon review of a petition for habeas corpus is a question of law.  Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).  Accordingly, review is *de novo* with no presumption of correctness given to the findings of the lower court.  Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005).

As previously indicated, the guilty plea agreement is not included in the record.  It appears from the petitioner's petition and brief, however, that the "plea bargain" agreement to which he refers consisted in actuality of nothing more than the prosecutor's having accepted his defense counsel's proposal that he be sent to a rehabilitation center following the revocation of his probation.  Regardless, the petitioner's allegations that his plea bargain agreement was breached does not entitle him to habeas corpus relief, as there is nothing on the face of the judgment or the record of the underlying proceedings to show that the convicting court was without jurisdiction or authority to sentence him or that his term of imprisonment has expired.  See Terrance Lowdermilk v. State, No. E2007-00872-CCA-R3-HC, 2008 WL 104156, at *3 (Tenn. Crim. App. Jan. 10, 2008), perm. to

-2-

appeal denied (Tenn. May 27, 2008) (citing Luttrell v. State, 644 S.W.2d 408, 409-10 (Tenn. Crim. App. 1982)) (concluding that breached plea agreement, even if true, would render petitioner's convictions voidable, not void). Accordingly, we affirm the habeas court's dismissal of the petition.

## **CONCLUSION**

Based on our review, we affirm the order of the habeas court dismissing the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE