IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1997 SESSION


SYVESSLE REDMOND,        *      C.C.A. # 02C01-9603-CR-00105

       Appellant,     *      SHELBY COUNTY

VS.             *      Hon. Bernie Weinman, Judge

STATE OF TENNESSEE,    *      (Post-Conviction)

       Appellee.      *


For Appellant:

Syvessle Redmond
Pro Se
No. 121145
Northwest Correctional Center
Route 1, P.O. Box 660
Tiptonville, TN  38079

For Appellee:

Charles W. Burson
Attorney General & Reporter

Clinton J. Morgan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Reginald Henderson
Asst. District Attorney General
Criminal Justice Center
Third Floor
201 Poplar
Memphis, TN  38103


OPINION FILED:_____


AFFIRMED


PER CURIAM

# OPINION

The petitioner, Syvessle Redmond, appeals the trial court's denial of his petition for post-conviction relief. The issue presented for review is whether the trial court correctly dismissed the petition without an evidentiary hearing on the basis that it was barred by the statute of limitations. We affirm the judgment of the trial court.

The petitioner pled guilty in 1988 to second degree murder and received a Range II sentence of thirty-five years. No prior appeals or post-conviction petitions have been filed. This petition, seeking either post-conviction or habeas corpus relief, was filed on December 7, 1995. It alleges that the petitioner received ineffective assistance of counsel and that his guilty plea was involuntary. The trial court dismissed the petition as being time-barred. On appeal, the petitioner raises the additional arguments that the evidence was insufficient to sustain his conviction and that his sentence was excessive.

Effective May 10, 1995, the new Post-Conviction Procedure Act replaced the prior act in its entirety. See 1995 Tenn. Pub. Act 207, §§ 1 and 3. Because this petition was filed in December of 1995, the new act applies. The most recent legislation replaced a three-year with a one-year limitation:

> (a) ...[A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason....
>
> (b) No court shall have jurisdiction to consider a petition filed after such time unless:
>
> > (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional

2

right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States [S]upreme [C]ourt establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-202 (Supp. 1996).

Because the conviction in this case became final in 1988, this petition appears to have been barred not only by the current one-year statute of limitations but also the former three-year statute. Moreover, the grounds raised in the petition and on appeal do not appear to fall within any of the exceptions set out in Tenn. Code Ann. § 40-30-202(b)(1), (2), or (3) (Supp. 1996).

In Arnold Carter v. State, No. 03C01-9509-CC-00270 (Tenn. Crim. App., at Knoxville, July 11, 1996), appeal granted, (Tenn., Dec. 2, 1996), a panel of this court, by a two-to-one margin, ruled that the literal terms of the new statute created a one-year window, starting on May 10, 1995, during which post-conviction petitions may be filed, notwithstanding the date of the judgment:

This act shall take effect upon becoming a law, the public welfare requiring it and shall govern all petitions for post-conviction relief filed after this date, and any motions which may be filed after this date to reopen petitions for post-conviction relief which were concluded prior to the effective date of this act. Notwithstanding any other

3

> provision of this act to the contrary, any person having a
> ground for relief recognized under this act shall have at
> least one (1) year from the effective date of this act to file
> a petition or a motion to reopen under this act.

1995 Tenn. Pub. Act 207, § 3 (emphasis added).

This majority found no ambiguities in the terminology of the statute despite the reasonable argument by the dissent to the contrary. In Carter, our supreme court granted the state's application for permission to appeal. While no decision has yet been filed, other panels of this court have adopted the dissenting view in Carter and have held that the new act did not create a new one-year filing period. See, e.g., Ronald Albert Brummitt v. State, No. 03C01-9512-CC-00415 (Tenn. Crim. App., at Knoxville, Mar. 11, 1997); Jimmy Earl Lofton v. State, No. 02C01-9603-CR-00073 (Tenn. Crim. App., at Jackson, Mar. 7, 1997); Roy Barnett v. State, No. 03C01-9512-CV-00394 (Tenn. Crim. App., at Knoxville, Feb. 20, 1997); Stephen Koprowski v. State, No. 03C01-9511-CC-00365 (Tenn. Crim. App., at Knoxville, Jan. 28, 1997); Johnny L. Butler v. State, No. 02C01-9509-CR-00289 (Tenn. Crim. App., at Jackson, Dec. 2, 1996). A majority of this panel now adheres to the holding in these subsequent cases. Thus, treating the petition as one for post-conviction relief, this claim is barred by the statute of limitations.

We also note the petitioner sought habeas corpus relief. The habeas corpus remedy in this state is limited. The writ may be granted only where a petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). If, however, a petitioner attempts to set aside a conviction because of the abridgement of a constitutional right, the petitioner must use the Post-Conviction Procedure Act. Luttrell v. State, 644 S.W.2d 408

4

(Tenn. Crim. App. 1982).

While there is a statute of limitations upon actions for post-conviction relief, habeas corpus has no statutory period of limitations. A petitioner may not, however, file a habeas corpus action as a means of circumventing the statute of limitations contained in the Post-Conviction Procedure Act. See Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts, 833 S.W.2d at 62.

This action seeks to set aside the prior convictions based upon the sufficiency of the evidence, the excessiveness of the sentence, the involuntariness of the guilty plea, and ineffectiveness of counsel. We do not view these arguments as attacks upon a void judgment. See Passarella v. State, 891 S.W.2d 619, 627-28 (Tenn. Crim. App. 1994). The writ of habeas corpus is available only upon an expiration of the sentence or a showing of deficiency on the face of the judgment. Neither has been shown here.

Because the petition is filed beyond the statute of limitations for seeking post-conviction relief and does not assert a basis for habeas corpus relief, the judgment is affirmed.

PER CURIAM

5

Joe B. Jones, Presiding Judge
Gary R. Wade, Judge
Curwood Witt, Judge