# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs March 28, 2012

## FRED ALLEN OWENS v. DAVID SEXTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 5927    Robert Cupp, Judge**

---

### No. E2011-02313-CCA-R3-HC - Filed October 29, 2012

---

The Petitioner, Fred Allen Owens, pro se, appeals the Johnson County Criminal Court's dismissal of his petition for a writ of habeas corpus from his 2003 conviction for second degree murder and his resulting thirty-five-year sentence. The Petitioner contends that the trial court erred by denying him habeas corpus relief from his conviction and sentence because the State failed to file notice of its intent to seek enhanced punishment, violating his due process and equal protection rights. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

Fred Allen Owens, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Senior Counsel; Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Petitioner was convicted by a jury of second degree murder and sentenced to thirty-five years' confinement. This court affirmed the judgment of the trial court. State v. Fred Allen Owens, No. E2003-02003-CCA-R3-CD (Tenn. Crim. App. May 25, 2004), perm. app. denied (Tenn. Nov. 8, 2004). The Petitioner sought post-conviction relief contending that his trial counsel was ineffective. The trial court denied relief, and this court affirmed the trial court. Fred Allen Owens v. State, No. E2011-01190-CCA-R3-PC (Tenn. Crim. App. March 12, 2012).

The Petitioner contends that his conviction and sentence are void because of "severe" violations of due process and equal protection by the State and the trial court. He argues that although the State failed to file its notice of intent to seek enhanced punishment as required by Tennessee Code Annotated section 40-35-202 and Tennessee Rule of Criminal Procedure 12.3, the trial court sentenced him as a Range II, multiple offender. The State contends that the Petitioner has failed to state a cognizable claim for relief. We agree with the State.

This court has recognized that challenges to convictions based upon constitutional violations in the conviction proceedings are issues for post-conviction relief rather than habeas corpus relief. Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); see Fredrick B. Zonge v. State, No. 03C01-9903-CR-00094, slip op. at 2 (Tenn. Crim. App. Dec. 16, 1999) (stating "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings."), perm. app. denied (Tenn. June 26, 2000). "Proof of any deficiencies in the State's notice of enhanced punishment would require extrinsic evidence beyond the face of the record which would render [the petitioner's] judgments of conviction potentially voidable rather than void, and thus such allegation is not a cognizable claim for habeas corpus relief." Michael Ralph Brown v. David Mills, Warden, No. E2007-01891-CCA-R3-HC, slip op. at 4 (Tenn. Crim. App. Nov. 17, 2008).

We conclude that the Petitioner has not stated a claim upon which habeas corpus relief is available. Any deficiency regarding the State's notice of intent to seek enhanced punishment, if true, would only render the judgment voidable, not void. The Petitioner has not established that his thirty-five-year sentence has expired or that the trial court was without jurisdiction to convict and sentence him. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE