IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 23, 2001

## BILLY J. GROOMS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Cocke County**
**No. 26,243 III     Rex Henry Ogle, Judge**

---

**No. E2000-00958-CCA-R3-PC**
**March 14, 2001**

---

The petitioner, Billy J. Grooms, appeals the trial court's denial of a pro se petition to correct an illegal judgment/sentence. The trial court's order of dismissal is affirmed.

**Tenn. R. App. P. 3; Dismissal Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., joined. JAMES CURWOOD WITT, JR., J., joined in the result.

Billy J. Grooms, Pro Se.

Paul G. Summers, Attorney General & Reporter; R. Stephen Jobe, Assistant Attorney General; Al Schmutzer, Jr., District Attorney General; and James B. Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On August 20, 1983, the petitioner was convicted of two counts of first degree murder during the perpetration of an armed robbery. The trial court imposed concurrent life sentences. See Tenn. Code Ann. § 39-2-202 (1982). The convictions were affirmed on direct appeal. State v. Richard Grooms and Billy Grooms, No. 107 (Tenn. Crim. App., at Knoxville, Mar. 26, 1986). Application for permission to appeal to the supreme court was denied on June 30, 1986. Since that time, the petitioner has challenged the propriety of his convictions on several occasions. In Billy Grooms v. State, No. 142 (Tenn. Crim. App., at Knoxville, Mar. 21, 1989), this court affirmed the trial court's denial of post-conviction relief. Application for permission to appeal to the supreme court was denied June 5, 1989. In Billy Grooms v. State, No. 03C01-9103-CR-00092 (Tenn. Crim. App., at Knoxville, Nov. 6, 1991), this court affirmed the denial of a second petition for post-conviction relief. In Billy Grooms v. State, No. 03C01-9603-CC-00136 (Tenn. Crim. App., at Knoxville, Apr. 21, 1997), this court affirmed the denial of a third petition for post-conviction relief. On February

15, 2000, the petitioner filed this "Petition to Correct Illegal Judgment/Sentence." As grounds for relief, he contended as follows:

(1)      The trial court improperly included two separate convictions and sentences on one judgment form;

(2)      the judgment form was not entered in the minutes of the clerk of the court;

(3)      the trial court treated the minutes lightly; and

(4)      the judgment identified the petitioner as Billy L. Grooms rather than Billy J. Grooms.

The state filed a response and the trial court dismissed by general order.

In this appeal, the petitioner addresses only issues (1) and (2). He alleges that the convicting court failed to comply with Tenn. Code Ann. § 40-35-209(e)–(f), requiring a separate judgment for each conviction, and Tenn. R. Crim. P. 32(e), requiring a judgment of conviction to be "entered by the clerk." The petitioner also complains that the minutes had not been signed at the end of each workday in accordance with Tenn. Code Ann. § 16-1-106(a). He contends that he is entitled to relief because any sentence imposed at variance with express statutory provisions is a nullity and subject to correction at any time.

The general rule is that an illegal sentence may, in fact, be corrected at anytime. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978) (noting that the trial court had the power and duty to correct an illegal sentence at any time). Typically, a challenge to an illegal sentence by an incarcerated defendant is by petition for writ of habeas corpus. See Stephenson v. Carlton, 28 S.W.3d 910 (Tenn. 2000); Freddie Cupples v. State, No. 02C01-9511-CC-00333, slip op. at 3 (Tenn. Crim. App., at Jackson, Oct. 22, 1996), app. denied (Tenn. Feb. 10, 1997). This court has also considered an attack on an illegal sentence by way of post-conviction petition, holding that the action is not barred by the applicable statute of limitations. Kevin Lavell Abston v. State, No. 02C01-9807-CR-00212, slip op. at 3 (Tenn. Crim. App., at Jackson, Dec. 30, 1998) (citing State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987)); see also James Gordon Coons, III v. State, No. 01C01-9801-CR-00014, slip op. at 6 (Tenn. Crim. App., at Nashville, May 6, 1999). Rule 3(b) of the Tennessee Rules of Appellate Procedure does not recognize a direct appeal of a dismissal of a motion to correct an illegal sentence. In the interests of justice, however, an order denying a petition to correct an illegal sentence may be treated by this court as a petition for writ of certiorari. State v. Donald Ree Jones, No. M2000-00381-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., at Nashville, Oct. 13, 2000); see also State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998). In Jones, a panel of this court also ruled that when a petitioner seeks relief from an illegal sentence by way of habeas corpus, he may do so in the convicting court rather than the court nearest his place of incarceration (Morgan County in this case) because the former can correct an illegal sentence at any time and is in possession of the records pertaining to the sentence. Id., slip op. at 2-3. This court ruled that the

convenience of having the records present provides a sufficient reason for the convicting court to exercise jurisdiction despite the terms of Tenn. Code Ann. § 29-21-105 ("The [habeas corpus] application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge."). In State v. Bruce C. Reliford, this court treated an improper appeal of a motion to correct allegedly illegal sentences as a common law petition for writ of certiorari because the claim was that the trial court had "'exceeded the jurisdiction conferred, or [was] acting illegally, when, in the judgment of the court, there [was] no other plain, speedy, or adequate remedy.'" No. W1999-00826-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., at Jackson, Oct. 2, 2000) (quoting Leath, 977 S.W.2d at 135 (quoting Tenn. Code Ann. § 27-8-101)).

A sentence is illegal if it directly contravened a statute in existence at the time it was imposed. Taylor v. State, 995 S.W.2d 78, 85 (Tenn. 1999). A sentence is not illegal when the defendant claims only prosecutorial misconduct or judicial vindictiveness. See Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982) (noting that alleged constitutional violations are properly addressed in post-conviction, not habeas corpus, proceedings). "Technical violations related to the judgment forms and committal documents . . . would not render [a] petitioner's confinement illegal as long as a valid conviction and resultant legal sentence were imposed." Marvin Anthony Matthews v. Charles C. Noles, No. 02C01-9206-CC-00140, slip op. at 4 (Tenn. Crim. App., at Jackson, Feb. 24, 1993), app. denied (Tenn. June 1, 1993).

In our view, the "technical" concerns expressed by the petitioner relative to the judgment and the minute entries do not serve as a basis for relief. In State v. Gregory A. Hedges and Thomas D. Carter, Nos. E1999-01350-CCA-R3-CD and E1999-01323-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Oct. 6, 2000), this court held that combining separate convictions in a single judgment form, while violative of Rule 17 of the Rules of the Tennessee Supreme Court, does not provide a basis for relief on a claim of illegal sentence. It has also been held that even the lack of a trial judge's signature does not necessarily render a judgment void. Jack P. Carr v. David Mills, No. E2000-00156-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Oct. 13, 2000). Furthermore, a judge's failure to sign minutes does not result in an illegal sentence or a void judgment. The duty to sign minutes is deemed directory rather than mandatory. Jerry L. Johns v. State, No. E1999-00260-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Mar. 9, 2000), app. denied (Tenn. Sept. 11, 2000); Kenneth Lee Weston v. State, No. E1999-02095-CCA-R3-CO (Tenn. Crim. App., at Knoxville, Nov. 27, 2000).

Here, the original indictment included separate counts for each of the two murders. The minutes for August 20, 1983, reflect two separate verdicts of guilt, as returned by the jury, and the entry of judgment by the trial court. The trial judge approved and signed the minutes on September 2, 1983. The order dated October 4, 1983, providing for concurrent sentences, is also signed by the trial judge. In our view, the sentence is not illegal. Because the petitioner has not presented any basis for relief, the order of dismissal entered by the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE