IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Remanded by Supreme Court February 26, 2007

## DICKEY L. COTTON v. DAVID MILLS, WARDEN
## (STATE OF TENNESSEE)

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5904     Joseph H. Walker, III, Judge**

---

**No. W2007-00435-CCA-RM-HC  - Filed May 17, 2007**

---

This case is before us after remand by the Tennessee Supreme Court for reconsideration in light of its holdings in *Summers v. State*, 212 S.W.3d 251 (Tenn. 2007); *Smith v. Lewis*, 202 S.W.3d 124 (Tenn. 2006); and *Shaun Hoover v. State*, 215 S.W.3rd 776 (Tenn. Jan. 23, 2007).  The petitioner, Dickey L. Cotton, appeals the circuit court's summary dismissal of his pro se petition for writ of habeas corpus.  Upon reconsideration, we affirm the court's dismissal of the habeas corpus petition.

**On Remand from Tennessee Supreme Court; Judgments of the Circuit Court Affirmed**

J.C. MᴄLɪɴ, J., delivered the opinion of the court, in which David H. Welles and Nᴏʀᴍᴀ MᴄGᴇᴇ Oɢʟᴇ, JJ., joined.

Dickey Cotton, Pro se, West Tennessee Security Prison, Henning, Tennessee.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION ON REMAND**

According to the petitioner's judgments of conviction, the petitioner entered guilty pleas to two counts of rape pursuant to a plea agreement and received concurrent sentences of eight years for both offenses.  The negotiated plea agreement indicates the petitioner's status as a Range I offender, but the plea agreement is silent as to the petitioner's release eligibility status.  Significantly, the petitioner's judgments do not designate an offender or a release eligibility status, and the transcript of the petitioner's plea hearing was not included in the record.

On September 16, 2004, the petitioner filed a pro se petition for writ of habeas corpus.  In the petition, the petitioner alleged that the sentences he received pursuant to the negotiated plea agreement were illegal and void because they contravened Tennessee Code Annotated section 39-13-523.  The petitioner also alleged that the Tennessee Department of Correction (TDOC), upon

receiving his judgment orders, lacked the authority to alter his release eligibility status from a standard offender to a multiple rapist.[1]  As the petitioner awkwardly explained in his petition, when TDOC changed his status from Range I, standard offender to multiple rapist, he stopped receiving sentencing credits and was informed that he would have to serve 100% of his sentence as a multiple rapist.  In response, he petitioned TDOC to reinstate his status and restore his sentencing credits.  TDOC denied the petitioner's request finding that the petitioner was correctly classified as a multiple rapist because he had two rape convictions.

In a written order, the circuit court denied relief, stating:

> Petitioner pled guilty to rape in June 2001 in 99-01989 with an 8 year sentence concurrent to 99-01988 and consecutive to 00-10258.

> Petitioner alleges his sentence is outside the status requirements.  Rape is a B felony and an 8 year sentence is within the range of punishment.  In fact it is the minimum sentence.

> He complains about being classified by TOMIS as a multiple rapist.  He was informed by letter attached to his petition that multiple rapist means a person convicted to 2 or more times of violating the rape statute.  Petitioner pled guilty to two offenses of rape.

> He alleges he is not receiving proper sentence credits.  This is not a proper ground for habeas corpus. . . .

> . . . .

> The court finds that petitioner's sentence has not expired and the court had jurisdiction to sentence the defendant to such sentence.  Habeas corpus relief is not appropriate.

> Procedural due process violations and other alleged violations of constitutional rights are addressed in post conviction, not habeas corpus, proceedings.  Luttrell v. State, 644 S.W.2d 408.

> If the petition is treated as one for post-conviction relief, this court has no jurisdiction[.]  T.C.A. 40-30-204 and 202. . . .

---

[1] As a Range I, standard offender, an individual may be eligible for release after service of 30% of the sentence. *See* Tenn. Code Ann. § 40-35-501(c).  However, Tennessee Code Annotated section 39-13-523 states that a "multiple rapist" is defined as a person convicted two (2) or more times of violating the provisions of § 39-13-503 (rape). "Notwithstanding any other provision of law to the contrary, a multiple rapist . . . shall be required to serve the entire sentence imposed by the court undiminished by any sentence reduction credits such person may be eligible for or earn."

In the instant appeal, the petitioner challenges the circuit court's summary dismissal of his petition, restating the following allegations: (1) petitioner's sentences are illegal and void because they contravene Tennessee Code Annotated section 39-13-523, and (2) TDOC lacked the authority to alter his release eligibility status.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

Of significance to the resolution of this case are the recent decisions of our supreme court in *Smith v. Lewis*, 202 S.W.3d 124; *Shaun Hoover v. State*, 215 S.W.3rd 776; and *Summers v. State*, 212 S.W.3d 251. In *Smith v. Lewis*, our supreme court held that the petitioner's sentence for rape of a child was illegal because the judgment order clearly indicated that the petitioner would receive early release eligibility in contravention of Tennessee Code Annotated sections 40-35-501 and 39-13-523, which require 100% confinement for the offense. *Smith*, 202 S.W.3d at 127-28. Significantly, the supreme court found that the "*judgment* in both its original and amended forms . . . *contains on its face an illegal sentence*." *Id*. at 128 (emphasis added). However, the supreme court found:

> [T]he record in this case does not demonstrate on its face that the illegal provision of early release eligibility was a bargained-for element of Smith's plea. Smith's plea of guilt and the resulting conviction are therefore not based on an illegal sentence and, consequently, are not infected with the illegality. Rather, the record in this case demonstrates that the trial court made an error sua sponte and independent of the plea bargain. Under these circumstances, we hold the illegal sentence to be null and void. Smith's conviction, however, remains intact.

*Id*. at 130.  Accordingly, the supreme court granted habeas relief only to the extent of vacating the illegal sentence but not to the extent of vacating the underlying conviction.  *Id.*

In *Shaun Hoover v. State*, the petitioner negotiated a plea agreement with the state.  *Hoover*, 2007 WL 160954, at *1.  In exchange for pleading guilty to lesser-included offenses of second degree murder and attempt to commit especially aggravated robbery, the petitioner was classified as a Range I offender and received "concurrent sentences of thirty-five years with a release eligibility of 100 percent for second degree murder and twelve years with a release eligibility of thirty percent for attempt to commit especially aggravated robbery."  *Id*.  After review, our supreme court held that the petitioner's thirty-five-year sentence was not an illegal sentence even though it fell outside the parameters of the fifteen-to-twenty-five-year, Range I offender range because the sentence fell within the maximum punishment range of sixty years authorized for Class A felony offenses such as second degree murder.  *Id*. at *2.  Our supreme court reiterated that offender classification and release eligibility are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989.  *Id*. at *4.  Our supreme court also emphasized that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility."  *Id*.  at *3.

In *Summers v. State*, the petitioner complained, among other things, that his concurrent sentence for misdemeanor escape was illegal because it directly contravened a statute, which required consecutive sentencing in such circumstances.  *Summers*, 212 S.W.3d at 255.  Upon review, our supreme court concluded that the petitioner's judgment on his escape conviction and the underlying record were "silent as to whether [the petitioner] committed the escape while being held for the other charges."  *Id*. at 262.  Significantly, our supreme court reiterated that the procedures governing habeas corpus petitions are mandatory and must be scrupulously followed.  *Id*. at 259.  Thereafter, our supreme court explained:

> In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing.

*Id*. at 261.  Our supreme court noted there is a conclusive presumption that the judgment is valid in all respects; and therefore, the burden of showing the illegality of the judgment is cast upon the petitioner.  *Id.* at 260.  Furthermore, the court noted that such matters complained of in the habeas corpus petition "are foreclosed by that judgment, in the absence of anything upon the face of the record to impeach the judgment."  *Id*. (citations omitted).  As part of its analysis, the supreme court cited its decision in *Hogan v. Mills*, 168 S.W.3d 753 (Tenn. 2005), wherein the court determined that summary dismissal of the petitioner's petition was appropriate, stating:

-4-

[T]he judgments for Hogan's 1985 convictions are silent as to whether the sentences are to be served concurrently or consecutively to his prior sentence. *Moreover, the judgments themselves do not refer to Hogan's prior conviction or his parole status.* The record before this Court does not indicate that the trial court was even aware of Hogan's parole status in sentencing him for the 1985 convictions. Hogan has failed to establish that the trial court imposed sentences concurrent with Hogan's prior felony sentence in contravention of Rule 32(c)(3)(A). Accordingly, because no illegality of the sentence is evident on the face of the judgments for Hogan's 1985 convictions, the judgments are at most voidable and not void.

*Id*. at 262 (quoting *Hogan*, 168 S.W.3d at 757) (emphasis added). Ultimately, our supreme court determined that the petitioner was not entitled to habeas corpus relief because "no illegality of the sentence is evident on the face of the judgment ordering a concurrent sentence for the escape conviction." *Id.*

Upon our review of the available record, we note that the judgments are silent as to the petitioner's offender and release eligibility status. We also note that the petitioner's plea agreements are silent as to the petitioner's release eligibility status. It is the petitioner's burden to prove his claim of illegal sentence. The mere fact that the plea agreement designates the petitioner as a "Standard Offender, Range I" does not prove the petitioner received early release eligibility in contravention of Tennessee Code Annotated section 39-13-523. Indeed, the petitioner's TOMIS[2] printout, which was included in the record, clearly shows that the petitioner is serving 100% of his sentences in compliance with section 39-13-523. Therefore, in accordance with the aforementioned decisions, we conclude that the circuit court's summary dismissal of the petitioner's habeas corpus petition was proper because no illegality is evident on the face of the judgments. Furthermore, we find no error in TDOC's recognition that, pursuant to section 39-13-523, the petitioner is not eligible for early release having been convicted of multiple rapes.

For the reasons stated herein, we conclude that the circuit court did not err by summarily dismissing the habeas corpus petition. The judgment is affirmed.

_____
J.C. McLIN, JUDGE

---

[2] Tennessee Offender Management Information System.