IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2007

**STEVE V. WALKER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Hardeman County**
**No. 06-02-0151    Joseph H. Walker, III, Presiding Judge**

_____

**No. W2006-01170-CCA-R3-HC  - Filed October 9, 2007**

_____

The Petitioner, Steve V. Walker, appeals from the Hardeman County Circuit Court's summary dismissal of his pro se petition for a writ of habeas corpus. In 1987, a jury convicted the Petitioner of aggravated robbery, and he was sentenced to life imprisonment for an especially aggravated offense as a Range II, persistent offender. The main focus of the Petitioner's argument is that his sentence was not authorized by the 1982 Sentencing Act. The habeas corpus court dismissed the petition, finding that the Petitioner's issues had already been addressed in his first petition for a writ of habeas corpus and that he failed to state a cognizable claim for relief. The Petitioner has failed to allege any ground that would render the judgment of conviction void or his sentence illegal. The order summarily dismissing the petition is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Steve W. Walker, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Michael Dunavant, District Attorney General; and James Pentecost, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

In 1987, a Hamilton County jury found the Petitioner, Steve V. Walker, guilty of armed robbery,[1] a Class X felony. See Tenn. Code Ann. § 39-2-501 (1982). The Petitioner received life imprisonment as a Range II, persistent offender sentenced for an especially aggravated offense. See id. §§ 40-35-106, -107 (1982). This Court affirmed the Petitioner's conviction on direct appeal. See State v. Jeffery Boozer and Stephen V. Walker, No. 1061, 1988 WL 74604 (Tenn. Crim. App., Knoxville, July 21, 1998), perm. to appeal denied, (Tenn. Oct. 24, 1998).

The Petitioner later sought post-conviction relief on the basis that trial and appellate counsel rendered ineffective assistance. See Steven Vincent Walker v. State, No. 03C01-9205-CR-169, 1992 WL 371767 (Tenn. Crim. App., Knoxville, Dec. 17, 1992). The post-conviction court denied relief, and this Court affirmed. Id.

In November of 2000, the Petitioner filed his first habeas corpus petition. See Steve V. Walker v. State, No. E2001-00322-CCA-R3-CD, 2002 WL 1162354 (Tenn. Crim. App., Knoxville, June 3, 2002). In that petition, the Petitioner alleged

> that his sentence was illegal because he did not qualify as a persistent offender under Tennessee Code Annotated § 40-35-107; that his sentence was improperly enhanced because he did not receive the State's notice of intent to seek enhanced punishment; that the record of his prior criminal convictions relied upon to sentence him was inaccurate; and that he received ineffective assistance of counsel.

---

[1] On direct appeal, this Court set forth the facts underlying his conviction for armed robbery:

> [A]bout 12:15 a.m. on the evening of December 10, 1986[,] the Gulf Station on South Broad in Chattanooga was robbed. Marsha Anderton was working the night shift when the [Petitioner and Jeffery Boozer] entered and robbed her at gunpoint. She testified at trial that [the Petitioner] had a handgun. She could not recall if Boozer was armed. She also testified that approximately $134.00 was taken in the robbery; she identified both [the Petitioner and Boozer] as the culprits.
>
> Mrs. Anderton's husband, Homer, was present at the time of the robbery. He corroborated his wife's testimony and identified [the Petitioner]. The witness was unable to identify the second robber, as he was obscured from sight by a cigarette rack.
>
> Officers Miller and Kennedy of the Chattanooga Police Department testified that they pulled into the Gulf Mart Station for cigarettes and observed the robbery in progress. They pursued the [Petitioner and Boozer] into some nearby woods and apprehended them. [The Petitioner] was found hiding in a creek. Hidden on him was a pillowcase containing $134.00. Boozer attempted to escape by climbing up a steep hill, but he was apprehended when he became entangled in some vines. Both were returned to the scene for identification.

See State v. Jeffery Boozer and Stephen V. Walker, No. 1061, 1988 WL 74604, at*1 (Tenn. Crim. App., Knoxville, July 21, 1998), perm. to appeal denied, (Tenn. Oct. 24, 1998).

<u>Id.</u> at *1 (footnote omitted).  The habeas corpus court denied relief, and this Court affirmed.  <u>Id.</u>

On May 10, 2006, the Petitioner filed a second petition for habeas corpus relief.  The petition is lengthy and rambling.  Although much of the petition is unintelligible, we discern four basic allegations by the Petitioner:

(1) His sentence of life as a Range II offender at 35% is illegal because "under the 1982 Sentencing Reform Act[,] such a [sentence] didn't exist."  He further challenges the legality of his sentence stating that he does not have "the prerequistic [sic] number of prior convictions" to qualify for the "enhanced (maximum) sentence" of life imprisonment.  According to the Petitioner, the State failed to provide written notice of its intent to seek enhanced punishment.

(2) "His sentence of life Range II at 35%" is a "void judgement [sic]/sentence" because it is not authorized by statue.  He contends that the "sentencing judge/court rendered sentence 'higher' then [sic] statutory provisions allowed . . . ."

(3) The Petitioner argues he was denied his constitutional rights of due process, to a just and fair hearing, and against cruel and unusual punishment when he received the maximum sentence of life.  He contends that his sentence was outside statutory guidelines and that essential elements of the offense were used for enhancement purposes.

(4) The sentencing judge abused his judicial authority by imposing a "grossly" excessive sentence.

By order entered May 16, 2006, the habeas corpus court denied relief.  In doing so, the court first noted that "[t]hese issues have already been addressed."  The court then entered the following findings of fact and conclusions of law:

The Defendant was convicted in 1987.  Under Tennessee Code Annotated § 39-2-501(a)(1981) (repealed), a term of imprisonment of not less than ten years to life imprisonment was authorized for the crime of robbery accomplished by the use of a deadly weapon.  The evidence at trial established that the Petitioner, armed with a pistol, robbed the clerk of a gas station.  The Petitioner was convicted of robbery accomplished by the use of a deadly weapon, therefore, the life sentence imposed was within the applicable range of punishment for the offense.

Even if what the Petitioner alleges is true and the sentence is illegal, it is voidable and not void. . . .

. . . .

-3-

Petitioner's sentences have not expired. The Criminal Court ha[d] jurisdiction or authority to sentence [the D]efendant to the sentence he received. Habeas corpus relief is not appropriate.

It is from this order summarily dismissing his second petition that the Petitioner now appeals.

## ANALYSIS

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. See State v. Summers, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. See Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

A sentence imposed in direct contravention of a statute is illegal and thus void. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The majority of the Petitioner's arguments—challenging as illegal the imposition of a life sentence for the offense of armed robbery—have previously been addressed by this Court in his first habeas corpus petition. See Walker, 2002 WL 1162354. The Petitioner again asserts that such a sentence is outside the sentencing guidelines. Under the applicable law, a term of imprisonment of not less than ten years to life imprisonment was authorized for the crime of robbery accomplished by the use of a deadly weapon. See id. at *2; see also Tenn. Code Ann. § 39-2-501 (1982). Accordingly, a life sentence was within the applicable range of punishment for the offense.

Next, the Petitioner contends that a life sentence as a Range II offender at 35% release eligibility did not exist under the 1982 Act. Release eligibility was set forth at section 40-35-501(e) (Supp. 1985) (repealed): "Release eligibility for any defendant who is sentenced for both an especially aggravated offense and as a persistent offender shall occur after service of forty percent (40%) of the actual sentence imposed." The judgment form states that the Petitioner is "persistent" and "especially aggravated," but it is silent on the actual percentage imposed. Thus, pursuant to the applicable statute,

service of the Petitioner's sentence was at 40% and occurred by operation of law. Moreover, it is clear from the sentencing transcript that defense counsel was aware of 40% service.

The Petitioner also argues that his record of criminal convictions was inaccurate and that his offense was improperly classified as an especially aggravated one. Again, this argument has been addressed. See Walker, 2002 WL 1162354, at *2. The Petitioner was on probation at the time he committed the aggravated robbery at issue; this justified the classification of the offense as an especially aggravated one. See id.; see also Tenn. Code Ann. § 40-35-107 (1982). Regarding his status as a persistent offender, the State gave timely notice that it intended to seek enhanced punishment relying on his 1980, 1981, and 1984 felony convictions. See Walker, 2002 WL 1162354, at *2; see also Tenn. Code Ann. § 40-35-106. This issue is without merit.

Finally, the Petitioner claims that he was subjected to cruel and unusual punishment as a result of the sentencing court's adherence to statutory sentencing guidelines, that the sentencing court impartially imposed the life sentence, and that he was denied his right to a fair hearing. These claims, even if true, would not entitle the Petitioner to habeas corpus relief. Such claims, at most, would render the judgment voidable, not void. See Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982).

The Petitioner's lawful sentence has not expired and the sentencing court had jurisdiction and authority to enter the judgment against him. For these reasons, the habeas corpus court's dismissal of the Petitioner's request for relief was proper.

## CONCLUSION

The Petitioner has not demonstrated that his sentence has expired or that his conviction is void. Accordingly, the judgment of the habeas corpus court summarily dismissing the petition for a writ of habeas corpus is affirmed.

_____
DAVID H. WELLES, JUDGE