IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 18, 2008

## ANTONIO J. PARKER v. HOWARD CARLTON, WARDEN

**Direct Appeal from the Criminal Court for Johnson County**
**No. 5248     Robert E. Cupp, Judge**

**No. E2008-01387-CCA-R3-HC - Filed October 15, 2009**

Petitioner, Antonio J. Parker, appeals the trial court's summary dismissal of his petition for writ of habeas corpus in which he alleged four grounds for relief: (1) that his guilty plea was not knowing and voluntary; (2) he was denied the right to present witnesses on his behalf; (3) his juvenile transfer hearing was unconstitutional; and (4) his confession was unconstitutional. Following our review of the record, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER., JJ., joined.

Antonio J. Parker, Mountain City, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General, and Tony Clark, District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

### I. Background

The copy of the judgment contained in the record reflects that on August 21, 1992, Petitioner pled guilty to second degree murder and was sentenced to twenty years in confinement. On April 17, 2008, Petitioner filed a pro se petition for habeas corpus relief. The State filed a motion to dismiss the habeas corpus petition arguing that Petitioner's claims did not render the judgment void, and the habeas court granted the State's motion without the appointment of counsel and without an evidentiary hearing. On appeal, Petitioner argues that the habeas court erred in summarily dismissing his habeas corpus petition.

## II. Standard of Review

The right to habeas corpus relief is available only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (quoting Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)). In contrast to a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. Summers, 212 S.W.3d at 255-56. A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. Id. at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); Dykes, 978 S.W.2d at 529.

A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Summers, 212 S.W.3d at 260; Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

The determination of whether habeas corpus relief should be granted is a question of law. Summers, 212 S.W.3d at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is de novo with no presumption of correctness given to the findings and conclusions of the lower courts. Summers, 212 S.W.3d at 255; State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006).

## III. Analysis

As stated above, Petitioner alleges four grounds for relief: (1) that his guilty plea was not knowing and voluntary because the trial court failed to advise him of his right against self-incrimination; (2) he was denied the right to present witnesses on his behalf; (3) his juvenile transfer hearing was unconstitutional; and (4) his confession was unconstitutional. However, none of these allegations of relief entitle Petitioner to habeas corpus relief. This Court has previously held that "constitutional infirmities create voidable judgments not void judgments unless the face of the record establishes that the trial court did not have jurisdiction to convict or sentence the petitioner." See Wayford Demonbruen, Jr. v. State, No. M2004-03037-CCA-R3-HC, 2005 WL 1541873, at *2 (Tenn. Crim. App., at Nashville, June 30, 2005), perm. app. denied (Tenn. Oct. 31, 2005)(citing Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); Earl David Crawford v. Ricky Bell, Warden, No. M2004-02440-CCA-R3-HC, 2005 WL 354106, at *1 (Tenn. Crim. App., at Nashville, Feb. 15, 2005), perm. app. denied (Tenn. June 27, 2005); See also Michael V. Morris v. James Fortner, Warden, No. M2008-01022-CCA-R3-HC, 2009 WL 690304, at *2-3 (Tenn. Crim. App., at Nashville, Feb. 26, 2009), reh'g. denied (Tenn. Crim. App. April 16, 2009); William Osepczuk v. Ricky J. Bell, Warden, No. M2006-00131-CCA-R3-HC, 2007 WL 49552, at *2-3 (Tenn. Crim.

App., Jan. 8, 2007); Torrey Caldwell v. State, No. 2002-02436-CCA-R3-CO, 2003 WL 21877924, at *3 (Tenn. Crim. App., at Nashville, July 9, 2003), perm. app. denied (Tenn. Nov. 24, 2003). Alleged violations of such constitutional rights are properly addressed in post-conviction, not habeas corpus proceedings. Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982).

We conclude that Petitioner has not presented cognizable claims entitling him to habeas corpus relief. He has failed to show that on the face of the record, the trial court was without jurisdiction to convict or sentence him.

## CONCLUSION

For the foregoing reasons, the judgments of the habeas corpus court are affirmed.

_____
THOMAS T. WOODALL, JUDGE