IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 13, 2015

**MICHAEL WHITE v. BRUCE WESTBROOKS, WARDEN**

**Appeal from the Criminal Court for Davidson County
No. 4818    Monte D. Watkins, Judge**

_____

**No. M2014-02459-CCA-R3-HC – Filed June 23, 2015**

_____

The Petitioner, Michael White, appeals the Davidson County Criminal Court's dismissal of his petition for habeas corpus relief from his 2005 convictions for five counts of rape and his fifty-five-year sentence. The Petitioner contends that the habeas corpus court erred by summarily denying relief. He argues that his convictions are void because his constitutional right to a jury trial was violated by the trial court's applying erroneous sentencing enhancement factors and that principles of double jeopardy were violated by the court's merging his convictions. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Michael White, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Glenn Funk, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was convicted by a jury of five counts of rape, and the trial court imposed consecutive sentences of eleven years for each conviction, for an effective fifty-five years. On appeal, this court affirmed the convictions and the sentences. *See State v. Michael White*, No. M2005-01659-CCA-R3-CD, 2006 WL 1931749 (Tenn. Crim. App. July 13, 2006), *perm. app. denied* (Tenn. Nov. 20, 2006). The Petitioner sought post-conviction

relief, contending that he received the ineffective assistance of counsel. The post-conviction court denied relief, and this court affirmed the denial. *See Michael White v. State*, No. M2007-02157-CCA-R3-PC, 2008 WL 4170028 (Tenn. Crim. App. Sept. 8, 2008).

In his present habeas corpus petition, the Petitioner contended that his sentences were illegal and that he had been wrongfully convicted because the prosecution failed to prove each element of rape relative to each count in the indictment. He also contended that the trial court illegally merged his convictions, applied improper enhancement factors, and sentenced him beyond the statutory maximum. Relative to sentencing, he argued that two of the enhancement factors were elements of the crime and that three factors were "never included to the jury." As a result, he claimed he was denied his constitutional right to a trial by jury and was subjected to "the vulnerability of double jeopardy." The habeas corpus court summarily denied relief after finding that the Petitioner failed to show that the judgments were void or illegal. This appeal followed.

The Petitioner contends that the habeas corpus court erred by summarily denying relief. He argues that the trial court sentenced him beyond the statutory maximum by applying improper enhancement factors and that the court failed to "instruct the jury to consider these enhancement factors for the purposes of sentencing." As a result, he asserts he was denied his constitutional right to a trial by jury. He also contends that the trial court violated principles of double jeopardy by improperly merging his convictions. The State responds that the habeas corpus court properly denied relief.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see s26 State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable

claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The Petitioner's challenges to his convictions and sentences are based on alleged constitutional violations of his right to a jury trial and his protection against double jeopardy. However, this court has recognized that challenges to convictions based on constitutional violations in the conviction proceedings are issues that should be raised in a petition for post-conviction relief rather than a habeas corpus petition. *Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); *see Fredrick B. Zonge v. State*, No. 03C01-9903-CR-00094, 1999 WL 1191542, at *1 (Tenn. Crim. App. Dec. 16, 1999) (stating "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), *perm. app. denied* (Tenn. June 26, 2000). The Petitioner has failed to state a cognizable habeas corpus claim, and he is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE