FILED

01/27/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs at Knoxville January 18, 2017

**E. LOUIS THOMAS v. GRADY PERRY, WARDEN**

**Appeal from the Circuit Court for Hardeman County**
**No. 2016-CR-108    Joe H. Walker III, Judge**

_____

**No. W2016-01514-CCA-R3-HC**

_____

The Petitioner, E. Louis Thomas, appeals the Hardeman County Circuit Court's summary dismissal of his petition for a writ of habeas corpus from his 2008 conviction for first degree premeditated murder and his life sentence. He contends that (1) he received the ineffective assistance of counsel, (2) the trial court violated his right to a fair trial by admitting the Petitioner's confession, and (3) the habeas corpus court violated his due process rights by summarily dismissing his petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR. JJ., joined.

E. Louis Thomas, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General, and D. Mike Dunavant, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 27, 2007, the Petitioner was convicted of first degree premeditated murder and felony murder. The judgments were entered on May 13, 2008. The murder convictions were merged, and the Petitioner received a life sentence. The Petitioner's convictions were affirmed on appeal. *See State v. E. Louis Thomas*, No. W2008-01360-CCA-R3-CD, 2010 WL 2977874 (Tenn. Crim. App. Jul. 29, 2010), *perm. app. denied* (Tenn. Jan. 18, 2011). He filed a petition for post-conviction relief, which was dismissed as untimely, and this court affirmed the dismissal. *See E. Louis Thomas v. State*, No. W2012-00999-CCA-MR3-PC, 2013 WL 6001938 (Tenn. Crim. App. Nov. 8, 2013). On

June 16, 2016, he filed a pro se petition for a writ of habeas corpus, alleging that he received the ineffective assistance of counsel and that the trial court violated his right to a fair trial by admitting a coerced statement. The habeas corpus court summarily denied relief, concluding that the Petitioner had not alleged a cognizable claim, that the Petitioner's sentence had not expired, and that the trial court had jurisdiction to sentence him. This appeal followed.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

# I

## Ineffective Assistance of Counsel

The Petitioner contends that he received the ineffective assistance of counsel because counsel did not include the suppression hearing transcript in the appellate record. The State responds that this issue does not constitute a cognizable claim for habeas corpus relief. We agree with the State.

An ineffective assistance of counsel claim is properly raised in a post-conviction petition. This court has recognized that challenges to convictions based upon constitutional violations in the conviction proceedings are issues that should, in most cases, be raised in a petition for post-conviction relief rather than in a habeas corpus

petition. *See Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); *see also Fredrick B. Zonge v. State*, No. 03C01-9903-CR-00094, 1999 WL 1191542, at *1 (Tenn. Crim. App. Dec. 16, 1999) (stating "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), *perm. app. denied* (Tenn. June 26, 2000). The Petitioner filed his petition for post-conviction relief, and the denial of relief was affirmed on appeal. *See* T.C.A. § 40-30-102(c) (2012) (The Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief. In no event, may more than one (1) petition for post-conviction relief be filed attacking a single judgment."); *see also E. Louis Thomas*, 2013 WL 6001938. The Petitioner is not entitled to relief on this basis.

## II

### Admission of Confession

The Petitioner contends that the trial court violated his right to a fair trial by admitting the Petitioner's confession, which he argues was coerced. The State responds that the petition does not state a cognizable claim for relief. We agree with the State.

This court has recognized that challenges to convictions based upon constitutional violations in the conviction proceedings are issues that should, in most cases, be raised in a petition for post-conviction relief rather in than a habeas corpus petition. *See Luttrell*, 644 S.W.2d at 409; *see also Fredrick B. Zonge*, 1999 WL 1191542 at *1. The Petitioner filed his petition for post-conviction relief, and the denial of relief was affirmed on appeal. *See* T.C.A. § 40-30-102(c); *see also E. Louis Thomas*, 2013 WL 6001938. The Petitioner is not entitled to relief on this basis.

## III

### Due Process

The Petitioner contends that the habeas corpus court violated his due process rights by summarily dismissing the petition without holding an evidentiary hearing. The State responds that the court was not required to hold a hearing in the absence of a cognizable claim. We agree with the State.

A habeas corpus court may dismiss a petition for relief without an evidentiary hearing when the petition fails to state a cognizable claim. *Yates*, 371 S.W.3d at 155; *see* T.C.A. § 29-21-109 (2012). The constitutional violations alleged by the Petitioner are not cognizable claims for habeas corpus relief. The court properly dismissed the petition without an evidentiary hearing, and the Petitioner is not entitled to relief on this basis.

Based upon the foregoing and the record as a whole, we conclude that the habeas corpus court did not err by summarily denying relief.  We affirm the judgment of the habeas corpus court.

                                        _____

ROBERT H. MONTGOMERY, JR., JUDGE