IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 24, 2018

**STATE OF TENNESSEE v. LEONARD ROSS**

**Appeal from the Criminal Court for Hamilton County
Nos. 196241, 196244, 196247     Tom Greenholtz, Judge**

---

**No. E2017-02087-CCA-R3-CD**

---

The Defendant, Leonard Ross, appeals the Hamilton County Criminal Court's summary denial of his pro se motion to correct an illegal sentence for his 1993 convictions for especially aggravated robbery, attempted second degree murder, and burglary and his effective thirty-five-year sentence. The Defendant contends that the trial court court erred by summarily dismissing his motion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Leonard Ross, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; and Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant received consecutive sentences of twenty-two years for especially aggravated robbery, ten years for attempted second degree murder, and three years for burglary. The Defendant appealed his convictions, and this court denied relief. *See State v. Leonard Lebron Ross*, No. 03C01-9404-CR-00153, 1995 WL 357821 (Tenn. Crim. App. June 15, 1995). The supreme court granted the Defendant's application for permission to appeal and remanded his case to this court for reconsideration in light of the then-recent decision in *State v. Wilkerson*, 905 S.W.2d 933 (Tenn. 1995). *See State v. Leonard Lebron James*, No. 03C01-9404-CR-00153 (Tenn. Nov. 27, 1995) (order). Upon remand, this court affirmed the effective thirty-five-year sentence and denied relief. *See State v. Leonard Lebron Ross*, No. 03C01-9404-CR-00153, 1996 WL 467690 (Tenn. Crim. App. Aug. 15, 1996).

The Defendant sought post-conviction relief on the grounds that he received the ineffective assistance of counsel and that the trial court had committed various errors. The post-conviction court denied relief, and this court affirmed the post-conviction court's determinations. *See Leonard Lebron Ross v. State*, No. 03C01-9802-CR-00077, 1999 WL 357339 (Tenn. Crim. App. June 4, 1999), *perm. app. denied* (Tenn. Nov. 22, 1999). In 2003, the Defendant sought to "correct [an] erroneous sentence." He alleged that his effective thirty-five-year sentence violated the "sentencing guidelines" and that his enhanced sentence was imposed without notice from the prosecution. The trial court treated the motion as a petition for a writ of habeas corpus and denied relief. The Defendant did not appeal but later unsuccessfully sought error coram nobis relief. *See Leonard Lebron Ross v. State*, No. E2007-01133-CCA-R3-PC, 2007 WL 3245422 (Tenn. Crim. App. Nov. 5, 2007) (mem.).

On August 23, 2017, the Defendant filed the instant "motion to correct an illegal sentence" pursuant to Tennessee Criminal Procedure Rule 36.1. The Defendant contended that the judgments were illegal because double jeopardy principles were violated and because he was deprived of his right to a trial by jury at sentencing. He alleged that his protection against double jeopardy was violated because the trial court unlawfully modified the especially aggravated burglary conviction to burglary without his consent and after jeopardy attached. He argued that the trial court denied him the right to a trial by jury at the sentencing hearing because the court "pronounced the charge burglary, never declaring the defendant guilty in open court." He requested the entry of amended judgments reflecting concurrent sentences for burglary and attempted second degree murder.

The trial court entered a written order summarily denying relief. Relative to the Defendant's argument that the judgments were void because he did not consent to the "amendment" from especially aggravated burglary to burglary, the trial court determined that the Defendant's contention "depende[d] entirely upon the underlying conviction being vacated." The court found that the Defendant's allegation was not that his burglary sentence was imposed in contravention of any statutory authority. As a result, the court determined that the Defendant had failed to state a cognizable claim for relief.

The trial court also treated the Defendant's motion as a petition for a writ of habeas corpus on the basis that the trial court lacked jurisdiction to convict and sentence the Defendant. The court determined that the Defendant's motion did not state a cognizable claim for habeas corpus relief. The court determined that the indictment count charging especially aggravated burglary was not improperly amended to burglary. The court stated that even if it determined that the indictment had been improperly amended, an improper amendment would have only rendered the judgment voidable, not void. This appeal followed.

The Defendant states in his appellate brief that "[t]his is the appellant[']s second habeas corpus petition. The [trial court] elected to treat a misplaced Rule 36.1 motion as a habeas corpus [petition]. However, the issues at bar have yet to . . . [be] adjudicated." The legal authority cited by the Defendant is related to habeas corpus relief, not relief pursuant to Tennessee Criminal Procedure Rule 36.1. As a result, we consider only whether the Defendant alleged a cognizable claim for habeas corpus relief.

The Defendant contends that he is entitled to habeas corpus relief because the trial court lacked jurisdiction to impose a sentence for his burglary conviction. He argues that the trial court violated principles of double jeopardy when it modified his conviction from especially aggravated burglary to burglary. He also asserts that his right to a jury trial was violated when the trial court modified the conviction offense to burglary. He argues that the trial court "recharged the appellant with burglary" and "entered a [directed] verdict of guilty" without a trial. The State responds that the Defendant failed to state a cognizable claim for relief. We agree with the State.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

Relative to the allegations that the Defendant's constitutional protection against double jeopardy and his constitutional right to a trial by jury were violated, we note that

claims alleging these types of constitutional violations are properly raised in post-conviction proceedings. *See Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); *see also Fredrick B. Zonge v. State*, No. 03C01-9903-CR-00094, 1999 WL 1191542, at *1 (Tenn. Crim. App. Dec. 16, 1999) (stating generally that "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), *perm. app. denied* (Tenn. June 26, 2000). A violation of double jeopardy principles "does not render a judgment void, and thus is not a cognizable claim for which habeas corpus relief can be granted." *Joseph L. Coleman v. State*, No. W2013-00884-CCA-R3-HC, 2013 WL 6188349, at *3 (Tenn. Crim. App. Nov. 25, 2013), *perm. app. denied* (Tenn. Apr. 10, 2014). Likewise, an allegation that a sentence is void because it was imposed in violation of the constitutional right to a jury trial is generally not a cognizable claim for habeas corpus relief because it would merely render the judgment voidable. *Earl David Crawford v. Ricky Bell, Warden*, No. M2004-02440-CCA-R3-HC, 2005 WL 354106, at *1 (Tenn. Crim. App. Feb. 15, 2005), *perm. app. denied* (Tenn. June 27, 2005). The record before this court does not establish that the trial court lacked jurisdiction to convict and sentence the Defendant or that the sentence has expired. As a result, the Defendant has failed to state a cognizable claim for which habeas corpus relief can be granted.

In reaching this conclusion, we have not overlooked the Defendant's argument that the trial court failed to act as the thirteenth juror by "stepping outside of his authority" to modify the conviction offense from especially aggravated burglary to burglary. Even if we were to treat the allegation as true, a trial court's failure to act as a thirteen juror merely renders a conviction voidable, not void. *See Wayford Demonbreun, Jr. v. State*, No. M2007-01934-CCA-R3-HC, 2008 WL 2521656, at *3 (Tenn. Crim. App. June 24, 2008), *perm. app. denied* (Tenn. Sept. 29, 2008); *Ray Darris Thompson v. Raney*, No. 01C01-9608-CC-00249, 1997 WL 643578, at *1 (Tenn. Crim. App. Oct. 20, 1997), *perm. app. denied* (Tenn. Sept. 14, 1998). The Defendant has failed to state a cognizable claim for which habeas corpus relief can be granted. The trial court did not err by summarily denying relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE