IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 5, 2019

## KEITH LEMONT FARMER v. SHAWN PHILLIPS, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 18-CR-10520    R. Lee Moore, Jr., Judge**

_____

### No. W2018-01687-CCA-R3-HC

_____

The Petitioner, Keith Lemont Farmer, appeals from the Lake County Circuit Court's dismissal of his petition for a writ of habeas corpus from his 2012 conviction for attempt to commit first degree murder and his twenty-year sentence. The Petitioner contends that the habeas corpus court erred by dismissing his petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Keith Lemont Farmer, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; and Danny Goodman, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

The record reflects that on July 23, 2012, the Petitioner pleaded guilty in the Davidson County Criminal Court to attempt to commit first degree murder and received a twenty-year sentence. The Petitioner did not appeal from the trial court proceeding and did not seek post-conviction relief. On August 9, 2018, the Petitioner filed the instant petition for a writ of habeas corpus. The Petitioner argued that his conviction was void based upon "bad faith acted by bad faith [] due within prosecutorial misconduct," an invalid arrest warrant, and the ineffective assistance of counsel. He, likewise, asserted that "state procedures and safe guards were not followed" in the trial court and that the "state judges" violated the law and his due process rights with an "illegal plan to try and cover up a[] void warrant." He alleged violations of his Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights. The habeas

corpus court summarily dismissed the petition on the basis that the Petitioner failed to state a cognizable claim for relief. This appeal followed.

The Petitioner contends the habeas corpus court erred by dismissing his petition because the trial court lacked jurisdiction to enter a judgment of conviction based upon an invalid arrest warrant. The State responds that the habeas corpus court did not err by summarily denying relief. We agree with the State.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that a defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The Petitioner argues that his invalid arrest warrant renders his conviction void and entitles him to habeas corpus relief. We disagree. Our supreme court has concluded that "[t]he purpose of a warrant is to give an accused person notice that he is charged with some offense and *if the warrant is defective, objection may be raised* before the committing magistrate or *upon a habeas corpus proceeding before indictment*." *Jones v. State*, 332 S.W.2d 662, 667 (Tenn. 1960) (emphasis added). Any questions regarding "the sufficiency of the warrant are foreclosed by the finding of an indictment[.]" *Id.*; *see Nelson v. State*, 470 S.W.2d 32, 33 (Tenn. Crim. App. 1971) ("Arrest without a warrant does not per se violate any constitutional right entitling the defendant to post-conviction relief by habeas corpus where he is subsequently convicted upon a valid indictment.").

-2-

The record reflects that after the Petitioner's arrest, the grand jury returned a three-count indictment. The Petitioner has not alleged any defect in the indictment. The Petitioner's conviction "depends not upon the validity of the arrest but upon the indictment." *See Vowell v. State*, 340 S.W.2d 735, 736 (Tenn. 1960). As a result, the trial court had jurisdiction to enter the judgment of conviction. To the extent that the Petitioner alleges that his constitutional rights were violated based upon an invalid arrest warrant, such allegations are appropriate for post-conviction proceedings and do not warrant habeas corpus relief. *See Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); *see also Fredrick B. Zonge v. State*, No. 03C01-9903-CR-00094, 1999 WL 1191542, at *1 (Tenn. Crim. App. Dec. 16, 1999) (stating generally that "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), *perm. app. denied* (Tenn. June 26, 2000).

Therefore, we conclude that the habeas corpus court did not err by summarily dismissing the petition based upon the Petitioner's failure to state a cognizable claim. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE